Louis GAGLIASSO, Jr., Appellant,

v.

Dr. Reginald S. ROOD, Supt. Atascadero State Hospital, Atascadero, California, Appellee.

No. 16684.

United States Court of Appeals
Ninth Circuit.

Decided June 21, 1960.

Rehearing Denied July 14, 1960.

Louis Gagliasso, Jr., in pro. per.

Stanley Mosk, Atty. Gen., Arlo E. Smith, Deputy Atty. Gen., John S. McInerny, Deputy Atty. Gen., for appellee.

Before CHAMBERS, HEALY and JERTBERG, Circuit Judges.

PER CURIAM.

Appellant, Louis Gagliasso, Jr., was charged in 1951 with the crime of murder in the Superior Court of the State of California, in and for the City and County of San Francisco. To that charge he entered pleas of not guilty and not guilty by reason of insanity. He waived trial by jury. The court, sitting without a jury, found appellant to be insane at the time of the commission of the offense, and in August of 1951 appellant was sentenced to a California state hospital for the insane. Appellant is presently confined at a California state hospital located at Atascadero, California. On September 18, 1959 appellant filed a petition for writ of habeas corpus in the United States District Court for the Southern District of California, Central Division. Appellant alleges in such petition that he filed a petition for a writ of error coram nobis with the sentencing court; that such petition was denied, and that no appeal therefrom was taken. It is further alleged that appellant filed a petition for writ of habeas corpus in the District Court of Appeal for the State of California, Second Appellate District, in July 1959, which

petition was denied, and that thereafter appellant filed a petition for writ of habeas corpus with the Supreme Court of the State of California, which petition was likewise denied. Section 1026a of the California Penal Code provides for a method of reexamining the question of sanity after a commitment of the kind involved in this case. It appears from the appellant's opening brief that in 1953 appellant's sanity was reexamined in a hearing before the Superior Court of the State of California, in and for the County of Mendocino. Following such examination the said court found appellant to be still insane. In 1955 his sanity was again reexamined by the Superior Court of the State of California, in and for the County of San Luis Obispo, and said court again found appellant to be still insane.

It nowhere appears in the record that appellant sought certiorari from the Supreme Court of the United States.

In the petition for a writ of habeas corpus filed in the United States district court appellant alleges that he is illegally incarcerated by the State of California because extrinsic fraud was practiced upon him during his trial in the state court in 1951. Appellant alleges that this fraud induced him to enter a plea of not guilty by reason of insanity, and that the fraud consisted of representations made to him by the prosecuting attorney that appellant was of unsound mind and was suffering from mental illness.

The district court dismissed appellant's petition without hearing on the ground that appellant had not exhausted his state remedies by applying to the United States Supreme Court for a writ of certiorari to review the judgment of the California Supreme Court denying appellant's petition for habeas corpus in August 1959.

On this appeal we are confronted by the fact that there is nothing in the record to disclose appellant applied for or received a certificate of probable cause from the district court. In the absence of such a certificate by the district court or by a Judge of this Court, the Court of Appeals is without jurisdiction to hear the appeal.[1] Despite the absence of the required certificate of probable cause, we will in this case treat the papers filed by the appellant as an application to this Court for such certificate, in view of the facts that appellant has appeared in propria persona and that the record is before us, the district court having granted appellant the right to prosecute this appeal in forma pauperis, without the prepayment of fees, costs, or security therefor.

An examination of the record clearly discloses that appellant has not exhausted his state remedies. If the state remedy has not been exhausted, including appeal to the state's highest court and the appeal to the United States Supreme Court for a writ of certiorari, the writ should ordinarily not issue. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Dickson v. Castle, 9 Cir., 1957, 244 F.2d 665.

Under the record in this case we decline to issue a certificate of probable cause. Appellant's appeal is dismissed.

1. 28 U.S.C.A. § 2253. United States ex rel. Sullivan v. Heinze, 9 Cir., 250 F.2d 427; McCoy v. Tucker, 4 Cir., 1958, 259 F.2d 714.