**Lewis Lawrence ALLEN, Appellant,**

v.

**Lawrence E. WILSON, Warden, Appellee.**

**No. 20718.**

United States Court of Appeals
Ninth Circuit.

Aug. 30, 1966.

Michael L. Ohleyer, San Francisco, Cal., for appellant.

Thomas C. Lynch, Atty. Gen. of Cal., Robert R. Grannucci, John T. Murphy, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before JOHNSEN,* JERTBERG and MERRILL, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant is in State custody, serving a prison sentence imposed on May 15, 1963, by the Superior Court of the State of California, in and for the County of San Benito, following conviction by a jury of the charge of first degree robbery in violation of Section 211 of the Penal Code of the State of California.

Appellant appealed his conviction to the District Court of Appeal, State of California, First Appellate District, Division Two, which court affirmed his conviction on August 3, 1964. [1 Crim. No. 4416] (Unpublished). His petition for hearing before the Supreme Court of California was denied. The Supreme Court also denied appellant's petition for writ of habeas corpus.

On August 6, 1965, appellant filed an application for writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division. The District Court appointed counsel to represent appellant in the proceedings and issued an order to show cause to appellee why the petition should not be granted. A return to the order to show cause was filed and appellant filed a traverse to the writ. Following argument and submission, the District Court denied the petition. No evidentiary hearing was held by the District Court. The appellant filed his notice of appeal, and the District Court granted appellant the right to prosecute

* Harvey M. Johnsen, 8 CA, sitting by designation.

this appeal in forma pauperis. No certificate of probable cause was issued by the District Court. We treat this appeal as an application to this court for certificate of probable cause, and the same is granted. See Gagliasso v. Rood, 279 F.2d 822 (9th Cir. 1960).

On this appeal, appellant urges:

1. That he was denied the right to counsel at his preliminary examination;

2. That he was denied the effective assistance of counsel at his trial; and

3. That certain incriminatory statements were made by him to law enforcement officers without first being advised of his right to counsel and his right to remain silent in violation of the rule set forth in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

Appellant was arraigned in the Justice Court on March 27, 1963, and a preliminary hearing was set for April 1, 1963, at which time appellant was directed to advise the court if he wished court-appointed counsel. On April 1, 1963, appellant requested a continuance so that he could have his own attorney represent him. On April 5, 1963, the time set for preliminary hearing, he made no request for court appointed counsel. On April 23, 1963, appellant was arraigned in the Superior Court, and entered a plea of not guilty, at which time appellant stated that he desired counsel and would obtain the services of an attorney. Trial was set for May 13, 1963.

On May 1, appellant informed the court that he had heard nothing from his attorney. The court advised appellant that he would appoint counsel for him. Appellant replied that he would represent himself if he did not hear from his attorney.

On May 13, appellant appeared for trial without counsel. He stated that he thought his attorney was coming. When the attorney still did not appear, the court advised appellant that it was prepared to appoint counsel and asked whether time would be needed for preparation if counsel were appointed. Appellant stated that he was willing to have appointed counsel so long as he could discharge such counsel at any time, and that approximately ten minutes would be necessary for determining whether he needed appointed counsel. He also stated that his attorney would need to interview no witnesses other than himself and "the so-called victim of the robbery."

The court proceeded to appoint Mr. Paxton as counsel and in so doing stated:

"It is further my understanding that although this is rather short notice that we will go ahead and select a jury this morning which certainly will take at least through the lunch hour and at the conclusion of the selection or before the trial itself, well, we'll have opportunity for Mr. Allen to further converse with Mr. Paxton, is that right gentlemen?"

To this counsel for appellant replied, "That's right, Your Honor."

During the noon recess, the same day, appointed counsel met with appellant, was allowed to examine certain reports on the case in the District Attorney's office, but no request for continuance to prepare was ever made nor was there any objection to going to trial.

Ten minutes after appointment of counsel the trial commenced. The trial lasted three days, during which appellant's counsel examined the jurors on voir dire examination, cross-examined witnesses for the prosecution, and conducted the examination of appellant who testified on his own behalf.

In its opinion, the District Court of Appeal for the State of California stated:

"The record fully satisfies us that the trial court gave appellant a fair trial with adequate representation by counsel, and that appellant was vigorously and ably defended throughout the trial."

In its order denying appellant's petition for writ of habeas corpus, the United States District Court stated:

"It is next alleged that counsel did not have ample opportunity to present

petitioner's interest, although no motion for an extension of time was made and further, a reading of the 456 page trial transcript indicates that counsel adequately presented petitioner's defense."

While appellant contends that "certain statements" which were taken from appellant and admitted in evidence against him, in violation of the rule set forth in Escobedo v. State of Illinois, supra, appellant fails to disclose the circumstances surrounding the statements, the content of the statements, and the place at which they appear in the record. Appellant apparently made a statement to the police accusing the victim of the robbery of having committed the robbery. This statement, which was consistent with appellant's trial defense, was not introduced into evidence. No statement has been called to our attention which was admitted into evidence.

■ We are satisfied that appellant was deprived of no constitutional right in not having counsel represent him at the preliminary hearing. In Wilson v. Harris, 351 F.2d 840, at page 844 (9th Cir. 1965), we stated:

"Our study of the California preliminary examination procedures made in the light of the pronouncements in Powell, Hamilton and White, convinces us that California's preliminary examination is not, in and of itself, a critical stage in the judicial proceedings such as to constitutionally require the appointment of counsel. An unrepresented accused cannot plead guilty at such an examination and no incriminating statements made by him at such time can be used against him at a subsequent trial. No defenses which might be asserted at a subsequent trial can be lost at a preliminary examination. 'The test is whether that proceeding and what occurred thereat may adversely and prejudicially affect his defense to the charge in a subsequent trial.' United States ex rel. Boone v. Fay, 231 F.Supp. 387 (U.S. D.C. So. Dist. N.Y., 1964)."

■ With respect to appellant's contention that he was denied the effective assistance of counsel because of the short interval between the appointment of counsel and the commencement of the trial, we must say that appellant must bear the major portion, if not all of the responsibility for the situation in which he found himself on the morning of the trial. However, we are satisfied, as was the California District Court of Appeal, and the United States District Court, that appellant received a fair trial with adequate representation by counsel and was ably defended throughout the trial.

We find no merit in appellant's final contention that he was not advised of his right to counsel during police interrogation, in violation of Escobedo v. State of Illinois, supra. Furthermore, appellant's trial commenced more than a year prior to the decision in *Escobedo*. It is to be noted that on June 20, 1966, in Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the Supreme Court decided that the rulings in *Escobedo* concerning the right to counsel and the right to remain silent are to be applied prospectively, and operate retroactively only as to those cases in which the trial began after June 22, 1964, the date of that decision.

The order appealed from is affirmed.