**Joseph L. LARA, Petitioner-Appellant,**

**v.**

**Louis S. NELSON et al., Respondents-Appellees.**

**No. 71–1579.**

United States Court of Appeals, Ninth Circuit.

Oct. 1, 1971.

Joseph L. Lara, in pro. per.

Evelle J. Younger, Atty. Gen., Robert R. Granucci, Michael Buzzell, Deputy Attys. Gen., San Francisco, Cal., for respondents-appellees.

Before HAMLEY, HUFSTEDLER, and KILKENNY, Circuit Judges.

PER CURIAM:

This is an appeal from a final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court. Such an appeal may not be taken unless

the judge who rendered the order or a circuit justice or judge issues a certificate of probable cause. 28 U.S.C. § 2253. Appellant Lara filed an application for a certificate of probable cause in the district court on the day he filed his notice of appeal. It then became the duty of the district court to either issue a certificate of probable cause or state the reasons why such a certificate should not issue. Rule 22(b), Fed.R. App.Proc. Here the district court did neither.

 Where, as here, the district court has failed to act upon an application for a certificate of probable cause for a period in excess of 90 days after the application has been filed, we deem the application to have been denied and consider the notice of appeal to constitute a request for a certificate of probable cause addressed to the judges of the court of appeals. *Cf.* Rule 22(b), *supra.* Acting individually, we grant the request and herewith issue the certificate, thereby conferring jurisdiction upon this court to entertain the appeal.

On the authority of Ellhamer v. Wilson, 445 F.2d 856 (9th Cir. 1971), the order denying petitioner's application for a writ of habeas corpus is ordered affirmed.

KILKENNY, Circuit Judge (concurring):

I concur in the result. I do not approve of a procedure under which a notice of appeal can be used to by-pass the certificate of probable cause requirements of Rule 22(b), F.R.A.P., or, for that matter, to disregard the explicit language of 28 U.S.C. § 2253, prohibiting an appeal under the circumstances here existing. Allen v. Wilson, 365 F.2d 881, 882 (9th Cir. 1966) and Gagliasso v. Rood, 279 F.2d 822, 823 (9th Cir. 1960), are distinguishable. There, the appellate court grounded its jurisdiction on the fact that the district court, in each instance, granted appellant the right to prosecute the appeal *in forma pauperis.* No doubt, the court in those cases viewed the orders permitting the appeals *in forma pauperis* as tantamount to the issuance of certificates of probable cause.