**Gary D. GARDNER, Petitioner-Appellant,**

v.

**Edwin POGUE, Warden, Nevada State Penitentiary, Respondent-Appellee.**

No. 76–1578.

United States Court of Appeals,
Ninth Circuit.

Aug. 1, 1977.

Robert N. Peccole, Las Vegas, Nev., submitted briefs for petitioner-appellant.

Frank J. Cremen, Deputy Dist. Atty., Las Vegas, Nev., submitted briefs for respondent-appellee.

Before TRASK and ANDERSON, Circuit Judges, and TAKASUGI,* District Judge.

* Honorable Robert M. Takasugi, United States District Judge, Central District of California, sitting by designation.

TRASK, Circuit Judge:

This is an appeal from a federal district court's denial of a petition for a writ of habeas corpus. Because the district court failed to comply with the requirements of Rule 22(b) of the Federal Rules of Appellate Procedure by issuing either a certificate of probable cause or a statement of its reasons for declining to grant one, we lack jurisdiction to hear the appeal. We remand the case for a determination consistent with this rule.

## I.

On November 7, 1967, appellant pleaded guilty to the crime of second degree murder, and on December 20, 1967, a Nevada State District Court sentenced him to a 99-year prison term. On May 25, 1973, appellant filed a petition for post-conviction relief in the District Court of the State of Nevada. He alleged that his plea was coerced by threats to prosecute his family, that the State of Nevada obtained a confession from him by illegal interrogation methods, and that the state did not fulfill the promises it made in exchange for his guilty plea. On November 29, 1973, after a post-conviction evidentiary hearing at which petitioner was represented by counsel, the court denied his petition, and on July 10, 1975, the Supreme Court of Nevada affirmed this decision. On January 21, 1976, the United States District Court for the District of Nevada denied appellant's petition for a writ of habeas corpus. Appellant then appealed to this court, alleging the same issues he raised below.

1. In full, 28 U.S.C. § 2253 provides:
   "In a habeas corpus proceeding before a circuit or district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had.
   "There shall be no right of appeal from such an order in a proceeding to test the validity of a warrant to remove, to another district or place for commitment or trial, a person charged with a criminal offense

## II.

Before reaching the merits of appellant's contentions, we must decide whether we have jurisdiction over his appeal. Title 28 U.S.C. § 2253 permits an appellate court to review a denial of a petition for a writ of habeas corpus. But "where the detention complained of arises out of process issued by a State court," as it does in the present case, section 2253 does not allow an appeal "unless the justice or judge who rendered the order [denying the petition] or a circuit justice or judge issues a certificate of probable cause."[1] Rule 22(b) of the Federal Rules of Appellate Procedure reiterates this requirement, and outlines the responsibilities of the district judge and the procedures for obtaining a certificate of probable cause from a circuit judge. Rule 22(b) provides:

"In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed,

against the United States, or to test the validity of his detention pending removal proceedings.
   "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals. If an appeal is taken by a state or its representative, a certificate of probable cause is not required."

The district judge issued neither a certificate of probable cause nor a statement of his reasons for refusing to grant one. However, he did give appellant leave to proceed *in forma pauperis.* Appellant has addressed no motion to this court or to any individual judge for the issuance of a certificate of probable cause, and none has been issued. Under the terms of section 2253, until appellant receives a certificate, he is not properly before us.

Appellant has raised two questions about the correct interpretation of section 2253 and Rule 22(b). First, we must determine whether a circuit judge may grant a certificate of probable cause before the district judge who denied the petition for a writ of habeas corpus has issued the certificate or a statement of his reasons for denying it. Second, we must ascertain the effect of a district judge's permission to proceed *in forma pauperis,* and decide whether such permission is tantamount to the issuance of a certificate of probable cause.

To answer the first of these questions, we need not look beyond the explicit language of Rule 22(b). The statute, 28 U.S.C. § 2253, does not require the applicant for a writ of habeas corpus to attempt to obtain a certificate of probable cause from the district judge before petitioning a circuit judge. Rule 22(b), however, is written in a form which indicates that this procedure must be followed. Although the rule, like section 2253, permits a district judge or a circuit judge to issue a certificate of probable cause, it imposes a clear responsibility upon the district judge who rendered the judgment to issue either a certificate or a statement detailing his reasons for declining to confer one. The language about the district judge's duties precedes the provisions of the rule relating to the issuance of a certificate of probable cause by a circuit judge. By the terms of the rule, a

circuit judge is expected to consider the issuance of a certificate only after the district judge has given his explanation for failing to grant one. The penultimate sentence of the rule, which treats a notice of appeal as a request for a certificate of probable cause in the event that such an express request is not filed, fits within the scheme of the rule, and takes effect only after the district judge has acted. Nothing in the rule suggests that a circuit judge may grant a certificate before the district judge has fulfilled his responsibilities.

A decision by this court to consider whether to grant a certificate of probable cause might well result in a denial of the certificate. This "would foreclose appellant from his first level right to a ruling by the district judge." *Stewart v. Beto,* 454 F.2d 268, 269 (5th Cir. 1971), *cert. denied,* 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972). The absolute power of a district judge to allow a habeas appeal by granting a certificate of probable cause implies that the right to a "first level" ruling is substantive. *See Nowakowski v. Maroney,* 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967); *Stewart v. Beto, supra.* An initial ruling by this court would upset the statutory framework of section 2253 and Rule 22(b) and infringe upon the rights of a state prisoner seeking habeas corpus relief.

Appellant urges that the unique factual pattern of this case gives us jurisdiction to hear his appeal:

"The Granting of the Order Permitting Appeal in Forma Pauperis has the same affect [sic] as the certificate of probable cause and therefor would eliminate the necessity of the Certificate of Probable Cause. To reach a contrary conclusion would require duplicity of effort, for, if Appellant did not have probable cause for an appeal permission to proceed would not have been granted." Reply Brief for Appellant at 1.

To the extent that appellant equates the issuance of a certificate of probable cause with permission to prosecute an appeal *in forma pauperis,* he has misstated the law. The test for allowing an appeal *in forma*

*pauperis* is easily met. Under 28 U.S.C. § 1915(a), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith requirement is satisfied if the petitioner seeks review of any issue that is "not frivolous." *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). "Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant . . . the request of an indigent for leave to appeal *in forma pauperis* must be allowed." *Ellis v. United States,* 356 U.S. 674, 675, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060 (1958). This standard, developed in criminal cases, applies as well to habeas corpus appeals. *Pembrook v. Wilson,* 370 F.2d 37, 39 (9th Cir. 1966).

The test for granting a certificate of probable cause is stricter. Although this court has at times stated that a certificate of probable cause should be granted as long as the issue raised is "not frivolous," e. g., *Poe v. Gladden,* 287 F.2d 249, 251 (9th Cir. 1961) ("not plainly frivolous"), it has more often required a question of some "substance" before issuing a certificate. *E. g., Foster v. Field,* 413 F.2d 1050, 1051 (9th Cir. 1969) ("substantial question"); *Application of Burwell,* 236 F.2d 770, 772 (9th Cir. 1956) ("questions of sufficient substance"); *Fouquette v. Bernard,* 198 F.2d 96, 98 (9th Cir. 1952) ("substantial question"). The difference between the terms "not frivolous" and "substantial" is perhaps one of art. Certainly it is subject to subtle analysis. Nevertheless, the very fact that different words are used to describe the standards for granting certificates of probable cause and *in forma pauperis* relief indicates that distinctions do exist. Judges considering this problem have recognized that, despite the occasional indiscriminate use of the term "not frivolous," an application for a certificate of probable cause should contain a higher showing of merit than should a petition for *in forma pauperis* status. Justice (then Judge) Blackmun has stated:

"My own reaction is that the cases [of the several circuits], taken as a whole, do indicate that the standard of probable cause requires something more than the absence of frivolity and that the standard is a higher one than the 'good faith' requirement of § 1915." Blackmun, *Allowance of In Forma Pauperis Appeals in Section 2255 and Habeas Corpus Cases,* 43 F.R.D. 343, 352 (1967). See also Hunter, J., *Post Conviction Remedies,* 50 F.R.D. 153, 176 (1970).

Thus, it is entirely possible that appellant's contentions are not substantive enough to justify the grant of a certificate of probable cause, even though they do meet the good faith test for *in forma pauperis* relief. *Payne v. United States,* 539 F.2d 443, 445 (5th Cir. 1976), addressed a problem similar to that posed by appellant:

"The question has arisen whether in cases such as this the district court actually intended to deny leave to appeal *in forma pauperis* [after denying a certificate of probable cause]. This Court is constrained from interpreting a denial of a certificate of probable cause as a denial of leave to proceed *in forma pauperis,* however frivolous or lacking in good faith the appeal may be. . . . We would remind our brethren on the trial courts to observe the distinctions set out in the above statutes and rules [28 U.S.C. §§ 1915, 2253; Fed.R.App.P. 22, 24] so that we may better understand their precise intentions."

This court will observe the distinctions contained in the United States Code and the Federal Rules of Appellate Procedure by rejecting appellant's theory and refusing to treat permission to proceed *in forma pauperis* as the equivalent of the grant of a certificate of probable cause. An independent examination into the appropriateness of this certificate is required.

We have not been able to answer these questions by resort to the law of the Ninth Circuit, for it has been inconclusive. *Allen v. Wilson,* 365 F.2d 881 (9th Cir. 1966), and *Gagliasso v. Rood,* 279 F.2d 822 (9th Cir. 1960), involved a factual pattern resembling the instant case. In each case, the appellant had filed a notice of appeal, and the district court had granted him the right to

prosecute the appeal *in forma pauperis* but it had not granted or explicitly denied a certificate of probable cause. On appeal, this court considered the notice of appeal as an application for the certificate, and in *Allen* it issued the certificate and then considered the appellant's claim. Although the decisions did not discuss the weight they gave to the leave to appeal *in forma pauperis,* they have been described as viewing "the orders permitting the appeals *in forma pauperis* as tantamount to the issuance of certificates of probable cause." *Lara v. Nelson,* 449 F.2d 323, 324 (9th Cir. 1971) (Kilkenny, J., concurring).

Several factors make these decisions poor precedent, however. First, the cases were decided prior to the adoption of the Federal Rules of Appellate Procedure. In the absence of the provision in Rule 22(b) requiring the district judge to issue the certificate or give his reasons for failing to do so, *Allen* and *Gagliasso* could have based jurisdiction solely on 28 U.S.C. § 2253, which allows a circuit judge to issue the certificate of probable cause and does not require any prior action by the district judge who denied the habeas corpus petition. If Rule 22 had existed, it is unlikely that these decisions would have bypassed its explicit language.

Second, the decisions do not offer strong support for Judge Kilkenny's statement about their treatment of the *in forma pauperis* grant. They do not declare that leave to proceed *in forma pauperis* is tantamount to the issuance of a certificate of probable cause. They state only that by virtue of his ability to proceed *in forma pauperis* the petitioner was able to appear before the court. The decisions refer to this fact as a fairness or judicial economy consideration which might cause a court to hear the appeal rather than to dismiss it. *See Allen v. Wilson, supra,* 365 F.2d at 882; *Gagliasso v. Rood, supra,* 279 F.2d at 823.

Third, if the court in *Allen* and *Gagliasso* had viewed the leave to proceed *in forma pauperis* as the same as a grant of a certificate of probable cause, there would have been no need to decide whether to issue the latter, for the grant of *in forma pauperis* status would, considered by itself, have meant that the petitioner was properly before the court. The fact that in each case the court addressed this issue, and in *Gagliasso* decided not to issue a certificate of probable cause, supports the determination in *Payne v. United States, supra,* that these are two distinct problems, each of which must be decided separately.

In a more recent decision, *Lara v. Nelson, supra,* 449 F.2d at 324, the court stated that where "the district court has failed to act upon an application for a certificate of probable cause for a period of 90 days after the application has been filed, we deem the application to have been denied and consider the notice of appeal to constitute a request for a certificate of probable cause addressed to the judges of the court of appeals." In the present case, however, appellant did not request this certificate from the district judge. Therefore, it cannot be said that the judge denied his request or failed to act upon it. Since the holding of *Lara* appears based upon the failure of the district judge to respond to a specific request for a certificate (the court even suggested that in the absence of such a request a district judge has no duty to act, *see id.*), the decision is not directly applicable to the issues confronting us.

Neither these decisions nor appellant's interesting theory persuades us that Rule 22(b) is anything but unequivocal. Faced with the command of this rule, we hold that this court as an appellate court may not review an appeal from a denial of a petition for a writ of habeas corpus until the district court which denied the petition has issued a certificate of probable cause or a statement of its reasons for declining to grant one. Leave to proceed *in forma pauperis* is not tantamount to the issuance of a certificate of probable cause. We remand the present case for further proceedings consistent with our opinion.[2]

---

**2.** We note that appellant did not request a certificate of probable cause from the district judge. The absence of such a request is not fatal, however, for Rule 22(b) requires the dis-

trict judge to consider whether to issue a certif-
icate once the applicant has taken his appeal.
Any suggestion in *Lara v. Nelson, supra,* that a
specific request is necessary misinterprets the
rule.