WILLIAM R. ANDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 5330-88
United States Tax Court
T.C. Memo 1989-472; 1989 Tax Ct. Memo LEXIS 472; 57 T.C.M. (CCH) 1487; T.C.M. (RIA) 89472; August 31, 1989
Stanley D. Rauls, for the petitioner. Nancy W. Hale, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: * Respondent determined the following deficiencies and additions to tax in petitioner's Federal income tax: Additions to Tax
Sec.
Sec.
Sec.
Tax year
Deficiency
6653(b) [1]
6653(b)(1)
6653(b)(2)
1979
$ 12,424.00 $ 53,547.27
1980
(2.00)
52,054.00
1981
332.00 7,622.00
1982
-    733.50
*
*473 After concessions, the issues for decision are: (1) whether the section 6653(b) additions to tax were determined as a result of a second inspection of petitioner's books and records for the 1979 and 1981 tax years; (2) if a second inspection was made, whether petitioner waived his rights against subjection to a further inspection of his books and records; and (3) if a second inspection was made without petitioner's consent, whether invalidation of the notice of deficiency as it relates to the section 6653(b) additions is an appropriate remedy. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Little Rock, Arkansas on the date he filed his petition. For the taxable years 1979, 1980, and 1981, petitioner filed joint Federal income tax returns with Pat M. Anderson, his wife during those years. For the 1982 taxable year, petitioner filed as a head of household. Petitioner's 1979 and 1981 income tax returns and records were examined by respondent prior to April 1981 and March 1984 respectively. Petitioner agreed to adjustments to gross *474 reciepts and expenses from his automobile sales business for those years and the examinations were closed in April 1981 and March 1984 respectively. Some time prior to September 28, 1984, a grand jury began investigating possible currency transaction reporting requirement violations at Grand National Bank in Hot Springs, Arkansas. Petitioner, through his attorney, contacted the United States Attorney's office for the Eastern District of Arkansas prior to September 28, 1984 and indicated that he wished to reveal his involvement in the currency transaction reporting violations then being investigated by the grand jury. At the request of a special agent of the Internal Revenue Service, petitioner, represented by an attorney and a certified public accountant, submitted his books and records to the Criminal Investigation Division (CID) of the Internal Revenue Service during the criminal investigation. A document receipt for those records was provided to petitioner by the agent. Special Agent Davis reviewed the submitted records and discussed petitioner's income tax liabilities for tax years 1979 through 1982 with petitioner's accountant by telephone prior to February 28, 1985. Amended *475 returns for the tax years 1979 through 1981 were filed by petitioner with the CID on February 28, 1985. The gross incomes on the amended returns were substantially the same as the gross incomes calculated by Special Agent Davis. On December 12, 1985, an Information was filed charging petitioner with criminal evasion of his income tax liabilities for the tax years 1979 through 1981 inclusive in violation of 26 U.S.C. 7201 (1982), and with structuring currency transactions to avoid reporting those transactions to respondent in violation of U.S.C. 2(a) and (b) (1982) and 31 U.S.C. 5313 and 5322 (1982). Pursuant to a plea agreement dated October 15, 1985, petitioner entered a guilty plea to one count of violating 26 U.S.C. 7201 (1982) for the tax years 1979 through 1982, and one count of violating 18 U.S.C. 2(b) (1982). On October 15, 1986, a reopening memorandum was initiated by respondent's agent for petitioner's 1979 and 1981 tax returns. However, no copy of any reopening letter is contained in respondent's administrative file. Petitioner made no protest of any review of his records by *476 respondent prior to September 1988 when he filed a motion to amend his petition in this case. Notices of deficiency were issued to petitioner for tax years 1979 through 1981 on December 18, 1987. The deficiencies determined by respondent with respect to petitioner's 1979 and 1981 tax years are based on the adjustments proposed by respondent following the close of his examination of those years in April 1981 and March 1984, respectively. Petitioner had agreed to these adjustments at that time. Additionally, respondent determined that the underpayments of tax in each year were attributable to fraud and that petitioner was thus liable for the additions to tax authorized under section 6653(b). The parties have reached agreement as to the deficiency amount for each year in issue. The parties have also agreed that petitioner is liable for the additions to tax for fraud determined by respondent for tax years 1980 and 1982. The parties also agree that petitioner is liable for the section 6653(b) additions determined by respondent for tax years 1979 and 1981 unless assessment of those additions to tax is precluded by section 7605(b). *477 Section 7605(b) provides that only one inspection of a taxpayer's books and records shall be made for each taxable year unless the taxpayer requests otherwise or unless respondent, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. Petitioner argues that the review by the special agent of the records proffered to him by petitioner's attorney constituted an additional inspection of his books and records. He further argues that a written notification of such additional inspection was not made to him as required by section 7605(b). He urges that respondent be barred from assessing the fraud additions which petitioner claims resulted from the additional inspection as a sanction for respondent's failure to satisfy the requirements of section 7605(b). We find that the special agent's review of the records proffered to him by petitioner did not constitute a reinspection of petitioner's books and records within the meaning of section 7605(b). Even if such review did constitute a second inspection, we are unconvinced that the notices of deficiency were based on any information obtained by respondent from his alleged second inspection of petitioner's *478 records. The deficiencies contained in the notices of deficiency had been determined by respondent as a result of the examinations concluded in April 1981 and March 1984 and had been agreed to by petitioner at that time. Only the fraud additions were new. The special agent to whom petitioner gave his records was prohibited by Fed. R. Crim. P. 6(e)(2) from disclosing any materials obtained by him pursuant to the grand jury investigation to respondent's Examination Division. See generally United States v. Baggot , 463 U.S. 476 (1983); United States v. Sells Engineering, Inc., 463 U.S. 418 (1983). Thus the information obtained by the special agent cannot be said to constitute a second inspection by respondent and could not have formed the basis of the fraud additions determined in the notices of deficiency. More likely, the fraud additions were simply based on the fact of petitioner's criminal conviction for tax evasion which would normally estop him from denying *479 liability for the civil fraud additions determined. Amos v. Commissioner, 43 T.C. 50, 55 (1964). In any event, even if a second inspection is assumed, it was made with the knowledge of petitioner and without any objection thereto being made. A notice of deficiency based on such an inspection would not be invalid. Lessmann v. Commissioner, 327 F.2d 990, 996 (8th Cir. 1964); Rife v. Commissioner, 41 T.C. 732, 746 (1964), affd. 365 F.2d 883 (5th Cir. 1966). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
*. By order of the Chief Judge, this case was reassigned for opinion and decision to Judge Jules G. Korner III↩. 1. All statutory references are to the Internal Revenue Code, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
*. 50 percent of the interest due on $ 1,467.00↩