Richard SISK; James Piatt,
Plaintiffs–Appellants,

v.

CSO BRANCH; R. Austin; Lt. Hilton,
Defendants–Appellees.

No. 91–15250.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 1991.*

Decided Sept. 2, 1992.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Richard Sisk and James Piatt, pro. per., Florence, Ariz., for the plaintiffs-appellants.

Bruce L. Skolnik, Asst. Atty. Gen., Tucson, Ariz., for defendants-appellees.

Before: NORRIS, BEEZER, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

## BACKGROUND

■ Richard Sisk and James Piatt, Arizona state prisoners each serving sentences of twenty-five years to life, appeal pro se the district court's order staying their 42 U.S.C. § 1983 action pending exhaustion of state remedies. Following a prison disciplinary hearing in which they were found guilty of drug use, Sisk and Piatt filed a section 1983 claim alleging that the actions of the State defendants throughout the disciplinary process violated due process and equal protection. Sisk and Piatt sought transfer back from high security to medium security, compensatory and punitive damages for being transferred to high security, and restoration of forfeited good time credits. The district court construed Sisk's and Piatt's complaint as a habeas petition and stayed the action pending exhaustion of state remedies. We have jurisdiction to review an order staying a civil rights action under the collateral order exception to the final judgment rule set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). *See Marchetti v. Bitterolf*, 968 F.2d 963, 964–65 (9th Cir.1992). We reverse.

## DISCUSSION

■ Generally, when a state prisoner challenges the fact or duration of his confinement and seeks a determination that he is entitled to immediate release from imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Young v. Kenny*, 907 F.2d 874, 876 (9th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991). Habeas corpus, however, is not the appropriate or even available remedy for damages claims. *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974). Rather, section 1983 authorizes the recovery of money damages for constitutional violations and generally does not require exhaustion of state remedies. *Patsy v. Board of Regents*, 457 U.S. 496, 507, 102 S.Ct. 2557, 2563, 73 L.Ed.2d 172 (1982).

■ A prisoner may bring a section 1983 action to challenge disciplinary procedures having only a "speculative or incidental effect" on the length of his sentence. *Clutchette v. Procunier*, 497 F.2d 809, 812–14 (9th Cir.1974), *modified*, 510 F.2d 613 (9th Cir.1975), *rev'd on different grounds sub nom., Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). In *Clutchette*, there was no direct relationship between the challenged proceedings and the prisoners' release dates. *Id.* at 813. The court reasoned that because it was unlikely that a prisoner could aver that he would have been entitled to immediate release or release on a date certain had he not been subjected to the constitutionally challenged disciplinary procedures, a habeas petition would be inapplicable. *Id.* Consequently, the court held that "the speculative and incidental effect of prison disciplinary procedures on the duration of plaintiffs' sentences is not sufficient

to bring any part of this action within the 'core' of habeas corpus." *Id.* at 813–14. *See also Viens v. Daniels,* 871 F.2d 1328, 1334 (7th Cir.1989) ("Since the disciplinary sanctions (other than revocation of good time) imposed in the present case are not subject to the *Preiser* rule if considered independently, a federal court need not stay its hand merely because these sanctions were imposed concurrently with a revocation of good time."); *Georgevich v. Strauss,* 772 F.2d 1078, 1087 (3d Cir.) (en banc) ("[T]he fact that a prisoner's success in the litigation might increase the chance for early release does not, in itself, transform the action into one for habeas corpus."), *cert. denied,* 475 U.S. 1028, 106 S.Ct. 1229, 89 L.Ed.2d 339 (1985).

■ In *Offet v. Solem,* 823 F.2d 1256 (8th Cir.1987), the Eighth Circuit held that a state prisoner bringing a section 1983 suit against prison officials must exhaust state remedies so long as success on the merits would have the incidental effect of entitling him to good time credits. The court reasoned that any suit that could result in a shorter period of confinement is equivalent to a habeas suit, which requires exhaustion of state remedies. Next, in *Bressman v. Farrier,* 900 F.2d 1305 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991), the Eighth Circuit, with minimal analysis and over a well-reasoned and lengthy dissent by Judge Heaney, applied the *Offet* rule to section 1983 suit brought by a prisoner sentenced to life imprisonment without possibility of parole. Finally, in *Blair–Bey v. Nix,* 919 F.2d 1338, 1339 (8th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991), the Eighth Circuit followed *Bressman* and held that "state remedies must be exhausted ... even when the loss of good time credits will not result in shorter sentences unless the sentence is commuted." *Id.* at 1339. We reject the rule announced by these cases.

In the case at hand, Sisk and Piatt alleged that they each lost almost two years worth of good time credits, received fifteen days in isolation; suffered sixty days loss of privileges; were placed in a more restrictive parole status; and were reclassified from medium custody to maximum. In addition to restoration of their good time credits, they sought transfer back to medium security, and compensatory and punitive damages.

Significant sanctions other than the loss of good time credits were imposed in this case. Simply because the disciplinary action also involved a revocation of good time, should not prevent the prisoners from pursuing in federal court a remedy made available by Congress for deprivation of federal rights by the state. The Court in *Preiser* was careful to note that section 1983 was available to a prisoner "making a challenge to the conditions of his prison life." 411 U.S. at 498–99, 93 S.Ct. at 1841.

Perhaps more significant is the fact that relief sought from the federal court will not directly impact the sentences served by Sisk and Piatt. While the Governor may commute a prisoner's sentence, *see* Az. Rev.Stat. § 31–443, he may do so only upon recommendation by the Board of Pardons and Paroles. Az.Rev.Stat. § 31–402; *Arnold v. Arizona Bd. of Pardons and Paroles,* 167 Ariz. 155, 805 P.2d 388, 390 (App.1990). Even assuming a federal court concludes that the disciplinary hearing was constitutionally defective and the State restores the credits, the duration of confinement for these prisoners can only be affected by the State itself.

If the credits were restored, they could only be applied to a determinate sentence. In order for Sisk and Piatt to receive determinate sentences they must: 1) apply for commutation; 2) receive a favorable recommendation from the Board; and 3) the Governor must grant commutation. Only after that could the restored credits be applied to the sentences. Thus, we conclude Sisk's and Piatt's section 1983 challenge to the disciplinary procedures has only a "speculative and incidental effect" on the duration of their confinement. Each received substantial punishment for the alleged drug use. We do not view their challenge to these sanctions as "close to the core of habeas corpus in attacking the very duration of their physical confinement itself."

*Preiser*, 411 U.S. at 487–88, 93 S.Ct. at 1835. Under these circumstances, we hold that exhaustion of state remedies is not required.

The order of the district court staying Sisk's and Piatt's section 1983 claim pending exhaustion of state remedies and the order denying the motion for reconsideration are

REVERSED AND REMANDED.