980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy E. DESS, Plaintiff-Appellant,
v.
Jack McCORMICK, et al., Defendants-Appellees.
 No. 92-35350.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Dess, a Montana state prisoner, appeals pro se the district court's grant of summary judgment for defendants in Dess's 42 U.S.C. § 1983 action alleging he was denied due process in connection with two disciplinary hearings. We review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm in part and vacate and remand in part.
 
 
 3
 * First Disciplinary Hearing
 
 
 4
 On October 28, 1989, prison officials discovered a box of marijuana in Dess's prison cell. Following a disciplinary hearing, Dess was found guilty of drug possession, and was placed in detention for five days. Dess subsequently filed a complaint alleging that he was innocent of the drug possession charge and that the prison officials violated his due process rights at his disciplinary hearing.
 
 
 5
 Assuming that the state of Montana provided Dess with a protected liberty interest in being free from disciplinary detention, the hearing in this case satisfied the minimum requirements of due process. The prison officials were "obligated to engage only in an informal, nonadversary review of the information supporting [Dess's confinement], including whatever statement [Dess] wished to submit, within a reasonable time after confining him to [detention]." Hewitt v. Helms, 459 U.S. 460, 472 (1983). The record shows that Dess was given prior notice of his disciplinary hearing, was informed of the nature of the hearing, was allowed to present evidence on his behalf, and was given an opportunity to make a statement.
 
 
 6
 Dess nevertheless contends that he was denied due process because prison officials failed to appoint an investigator to assist Dess during the hearing and because the hearing officer considered evidentiary testimony not presented at the hearing, in violation of prison regulations.
 
 
 7
 First, Dess cannot challenge the prison's failure to provide him with an investigator because he has not shown that the state has provided him with a constitutionally protected interest in an investigator. See id. Second, although it appears that the hearing officer violated prison regulations by questioning a government witness outside of Dess's presence, Dess was informed of the communication and was given an opportunity to respond. Under these circumstances, Dess has failed to demonstrate that the ex-parte communication violated the due process protections set forth in Hewitt.
 
 II
 Second Disciplinary Hearing
 
 8
 On January 26, 1990, Dess was informed that his classification status would change from low to close security as a result of "extortion, bulldogging, and drug related activities." Approximately twenty-four hours later, prison officials provided Dess with a reclassification hearing at which he was found guilty of the charges against him. His subsequent reclassification to a higher security level resulted in the reduction of his ability to earn good time credits and, according to Dess, the denial of his parole.[1] Dess asserts that the reclassification hearing violated his due process rights because he was not permitted to call witnesses to testify on his behalf or provide any evidentiary evidence which could have exonerated him. Prison officials assert that because Dess was given 24-hour notice of the hearing and written notice of the charges, minimum due process standards were met.
 
 
 9
 An inmate has no due process liberty interest in good time credits unless state law creates such an interest. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 8-11 (1979); Toussaint v. McCarthy, 801 F.2d 1080, 1094 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Montana law provides that "the department of corrections and human services shall adopt rules providing for the granting of good time allowance for inmates employed in any prison work or activity." Mont.Code Ann. § 53-30-05. This good time allowance "shall operate as a credit on [an inmate's] sentence as imposed by the court, conditioned upon the inmate's good behavior and compliance with the rules made by the department or the warden." Id. The mandatory language used in section 53-30-105 creates a liberty interest in receiving good time credits. See Toussaint, 801 F.2d at 1095 (" 'shall/unless' formula dispositive of a liberty interest"); Board of Pardons v. Allen, 482 U.S. 369, 374 (1987) (Montana parole statute providing that the board "shall" release a prisoner on parole, subject to certain restrictions, created a due process liberty interest in parole release). Moreover, defendants concede and prison regulations reveal that an inmate's reclassification to a higher security level invokes due process protections.
 
 
 10
 Once a liberty interest in good time credits has been established, due process requires that the inmate must receive (1) advance written notice of the disciplinary changes; (2) an opportunity to call witnesses and present documentary evidence in his defense, where consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of evidence relied on and the reasons for disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 11
 Here, Dess was not permitted to call witnesses or to present documentary evidence in his defense. In the absence of any evidence that the denial of witnesses and evidentiary material was due to institutional security, the district court erred in granting summary judgment in favor of defendants. See McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986). We therefore vacate and remand for further proceedings on this issue.[2]
 
 III
 Opportunity to Amend the Complaint
 
 12
 Dess contends that the district court improperly denied him leave to amend his complaint to add a new plaintiff to his retaliation claim. Faced with a deficient complaint, a district court must give a pro se plaintiff the opportunity to overcome the deficiencies unless it is clear that they cannot be overcome by amendment. Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.1987). First, it appears from the record that Dess never sought leave to amend his complaint and that therefore the district court never ruled on any motion. Second, even had the district court considered and denied Dess's motion to amend, Dess could not prevail on this issue because he has failed to make allegations sufficient to support a claim of retaliation. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985) (to succeed on a retaliation claim, a prisoner must do more than allege retaliation by prison authorities; the prisoner must show that "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals").
 
 IV
 Administrative Appeal
 
 13
 Finally, Dess alleges that his due process and equal protection rights were violated because the Corrections Division Administrator did not permit him to appeal his reclassification to the Department of Corrections. The defendants did not address this allegation in their motion for summary judgment, and the district court did not address it in its order granting summary judgment. Because Dess's allegation states a due process claim, the district court should have considered it prior to granting defendants summary judgment motion. See Gumport v. China Int'l Trust and Inv. Corp. (In re Intermagnetics America, Inc.), 926 F.2d 912, 917, 918 (9th Cir.1991) (case remanded because of failure of district court to address a claim); see also Datagate Inc. v. Hewlett-Packard Co., 941 F.2d 864, 869 (9th Cir.1991) (failure of district court to address claim does not destroy finality of order, but case should be remanded for consideration of the claim), cert. denied, 112 S.Ct., 1667 (1992).
 
 
 14
 Accordingly, we vacate and remand for the court to consider this claim.
 
 
 15
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dess does not seek the reinstatement of his good time credits, nor does he directly challenge the length of his confinement. Accordingly, he does not need to exhaust his state remedies prior to bringing this claim. See Wolff v. McDonnel, 418 U.S. 539, 554 (9th Cir.1974); Sisk v. CSO Bragg, 974 F.2d 116, 118 (9th Cir.1992)
 
 
 [2]
 Dess also asserts that the hearing violated minimal due process protections because his counselor acted as the hearing examiner. Although an impartial decision is an important requirement of due process, in a prison setting the decision maker need not come from outside the prison. Vitek v. Jones, 445 U.S. 480, 496 (1980). Here, although Dess has alleged that the decision maker was his counselor, he has failed to demonstrate bias. Accordingly, we find no due process violation here