983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred A. MASSEY, et al., Plaintiff-Appellant,
v.
James K. ROWLAND, Warden, et al., Defendant-Appellee.
 No. 91-15267.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1992.
Submission Deferred May 14, 1992.
Resubmitted Dec. 14, 1992.*
Decided Jan. 19, 1993.
 
 1
 Before BEEZER and TROTT, Circuit Judges, and WISDOM,** Senior Circuit Judge.
 
 
 2
 Fred Massey and three other California state prisoners filed a pro se action under 42 U.S.C. § 1983, based on prison disciplinary proceedings after the inmates tested positive in drug tests. The district court stayed the § 1983 action pending exhaustion of state habeas corpus proceedings. The prisoners appeal that stay. We have jurisdiction to review the order staying this civil rights action under the collateral order exception to the final judgment rule. Marchetti v. Bitterolf, 968 F.2d 963, 964-65 (9th Cir.1992). We review Massey's contention that the district court erred in staying the action for abuse of discretion. Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1194 n. 2 (9th Cir.1991).
 
 
 3
 We must determine if the district court properly issued the stay by addressing whether this § 1983 suit is a habeas corpus petition in disguise. In Young v. Kenny, 907 F.2d 874, 878 (9th Cir.1989), cert. denied, 111 S.Ct. 1090 (1991), we held that it is error to reach a state prisoner's claim under § 1983 whenever the relief requested requires a determination that the prisoner's sentence is invalid. When a prisoner challenges actions which affect the legality or duration of his custody, and a determination of the action may result in entitlement to an earlier release, the sole remedy is a writ of habeas corpus. This is true even if the complaint seeks money damages only. Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Young, 907 F.2d at 877. We must decide whether the prisoners challenge the fact or duration of their confinement.
 
 
 4
 We recently considered this issue in Marchetti and Sisk v. CSO Branch, 974 F.2d 116 (9th Cir.1992). In Marchetti, the plaintiff alleged that defendants suborned perjury, intimidated potential defense witnesses, and entered into illegal agreements with various other witness. We held that "[t]o determine the truth of these allegations, the district court would be required to determine whether the underlying conviction was valid. Under such circumstances, the district court must stay the civil rights action pending exhaustion of the prisoner's habeas corpus remedies." Marchetti, 968 F.2d at 967.
 
 
 5
 In Sisk, we reversed a district court stay of a § 1983 action where the state inmates, sentenced to twenty-five years to life, challenged prison disciplinary procedures. "A prisoner may bring a section 1983 action to challenge disciplinary procedures having only a speculative or incidental effect on the length of [ ] sentence." Sisk, 974 F.2d at 117 (quotation omitted). We reasoned it was unlikely that such a prisoner could aver that he would have been entitled to immediate release or release on a date certain, and therefore a habeas petition would be inapplicable. Id.
 
 
 6
 The present case does not challenge the underlying convictions of the prisoners. Like the prisoners in Sisk, Massey and others challenge disciplinary action taken against them. After returning from conjugal visits, the four plaintiffs underwent mandatory drug testing. These drug tests were positive and indicated use of either barbiturates or alcohol. During the subsequent disciplinary proceedings, the inmates allege they were denied due process and the opportunity to present witnesses and documentary evidence. As a result of the disciplinary hearings, the prisoners lost contact visit rights, privilege credits, and good time credits. They may also have been transferred to a different facility.
 
 
 7
 We cannot decide the validity of the stay on the record before us. The appellees did not file a brief; the pro se plaintiffs filed an informal brief and a short excerpt of record. Due to this lack of information, we reverse the stay order and remand to the district court for specific findings of fact.
 
 
 8
 If the prisoners are serving indeterminate sentences, like the inmates in Sisk, and the disciplinary procedures have only a "speculative and incidental effect" on the ultimate duration of their confinement, exhaustion of state remedies is not required. However, if the length of the sentences is fixed, and if the restoration of good time credits automatically leads to a reduction in the time of confinement, habeas corpus is the proper avenue for the complaint. Massey contends that forfeited good time credits can be reinstated through administrative discretion. See Cal.Penal Code § 2933. Even if this is true, the question remains whether good time credits mandate an early release or whether that is also subject to administrative discretion.
 
 
 9
 Additionally, we need to know precisely the other disciplinary actions taken against these prisoners. In Sisk, we stated that the loss of good time credit was only a portion of significant sanctions leveled on the inmates. This fact influenced us to strike the stay and allow the inmates to proceed with their § 1983 claims.
 
 
 10
 The stay order is REVERSED; the case is REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable John Minor Wisdom, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3