995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don A. HERMAN, Plaintiff-Appellant,
v.
Charles E. HICKS, et al., Defendants-Appellees.
 No. 92-36775.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don A. Herman, a Washington state prisoner, appeals pro se the district court's denial of Herman's motion to reconsider the court's order staying Herman's 42 U.S.C. § 1983 civil rights action in order to allow Herman to exhaust his habeas corpus remedies. Herman contends that the district court erred by construing his section 1983 action as a habeas petition and requiring him to exhaust his state court remedies. We affirm.
 
 
 3
 An order staying a civil rights action is appealable under the collateral order exception to the final judgment rule. Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992). Here, however, Herman's notice of appeal was timely only as to the denial of the motion for reconsideration. See Fed.R.Civ.P. 60(b) & 59(e); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989) (motion for reconsideration filed more than ten days after entry of order is properly construed as Rule 60(b) motion and does not toll time for appeal). Accordingly, our review is limited to the denial of the motion for reconsideration. We review the denial of a motion for reconsideration for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (court's emphasis) (quotation omitted).
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 5
 Here, Herman filed a civil rights action alleging that prison officials violated his constitutional rights by firing him from his prison job in retaliation for filing lawsuits. In his amended complaint, Herman alleged that his termination from his job deprived him of the opportunity to earn good time credits. The district court found that because the issue of good time credits was "a necessary adjunct of the core claim", Herman's action sought federal habeas corpus relief. The district court stayed the civil rights action and required Herman to exhaust his state remedies. Herman then filed a motion for reconsideration, arguing that he was not seeking habeas relief but only monetary damages and injunctive relief for retaliation.
 
 
 6
 Generally, when a state prisoner challenges the fact or duration of his confinement and seeks a determination that he is entitled to immediate or to earlier release from custody, the sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). This is true even if the complaint action seeks money damages only. See Preiser, 411 U.S. at 489-90; Young, 907 F.2d at 877.
 
 
 7
 Here, the district court correctly held that Herman's claim was best brought as a habeas action because the issue of good time credits sounds exclusively in habeas. See Young, 907 F.2d at 876. Thus, the district court did not abuse its discretion by denying Herman's motion to reconsider the stay of his section 1983 action pending exhaustion. See Molloy, 878 F.2d at 315.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3