2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin J. HEMPHILL, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 93-15675.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin J. Hemphill, a California state prisoner, appeals pro se the dismissal of his 42 U.S.C. Sec. 1983 action seeking the restoration of good time credits lost at a prison disciplinary hearing. Hemphill contends that the district court erred by dismissing his due process claims as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court construed Hemphill's complaint as a habeas corpus petition and summarily denied habeas relief and dismissed the action on the basis that Hemphill's claims were frivolous. The district court then denied Hemphill's request for a certificate of probable cause to appeal (CPC). See 28 U.S.C. Sec. 2253 (appeal may not be taken from denial of habeas petition unless either district court or this court issues CPC); Gardner v. Pogue, 558 F.2d 548, 549 (9th Cir.1977) (same). We first must determine whether a CPC is necessary to our jurisdiction to consider this appeal.
 
 
 4
 A writ of habeas corpus is the exclusive federal remedy for challenging the length of a state prison sentence. Young v. Kenny, 907 F.2d 874, 876-77 (9th Cir.1990) (pending disposition of habeas claim, district court must stay 42 U.S.C. Sec. 1983 action seeking damages based on length of sentence), cert. denied, 498 U.S. 1126 (1991). Nonetheless, a prisoner may bring a 42 U.S.C. Sec. 1983 action to challenge disciplinary procedures having "only a speculative or incidental effect" on the length of his sentence. Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992) (quotations omitted). Thus, a prisoner who loses sentence credits at a prison disciplinary hearing need not first pursue habeas relief if (1) significant sanctions, such as an increased security classification, were imposed in addition to the loss of the credits, and (2) restoration of the credits would not directly impact the prisoner's sentence. Id. at 118 (no direct impact on sentence because prisoner received indeterminate term).
 
 
 5
 In his complaint and attachments Hemphill alleged that in 1988 he was convicted of second degree murder and received a term of 15 years to life imprisonment. He alleged that prison officials found him guilty of violating prison rules by being involved in a cell fight, increased his classification score by six points, and subtracted 90 days of sentence credits. Because Hemphill's term is indeterminate, restoration of the credits would not directly decrease it. See In re Diaz, 17 Cal.Rptr.2d 395, 398 (Cal.Ct.App.1993) (credits reduce indeterminate term only after prisoner is found parole-eligible). Accordingly, the district court erred by construing Hemphill's complaint as a habeas petition, see Sisk, 974 F.2d at 117-18, and we need not issue a CPC before considering this appeal, see 28 U.S.C. Sec. 2253; Gardner, 558 F.2d at 549.
 
 
 6
 We next address the merits of the appeal. Hemphill contends that the district court erred by dismissing as frivolous his claims that prison officials denied him due process by failing to follow proper procedures when they changed the charge against him and during his prison appeals. This contention lacks merit.
 
 
 7
 We review a Sec. 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under Sec. 1915(d), the district court may dismiss an action sua sponte before service of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325.
 
 
 8
 If prison disciplinary proceedings implicate a liberty interest protected by the fourteenth amendment, then prison officials must provide procedural safeguards for the prisoner. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). The prison officials must provide the prisoner with notice of the charges against him and an opportunity to present his views, review the charges and the available evidence, and provide the prisoner with a written statement of reasons for their decision. Hewitt v. Helms, 459 U.S. 460, 476 (1983); Bonner v. Lewis, 857 F.2d 559, 564 (9th Cir.1988); Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Moreover, "some evidence" must support a disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 9
 Hemphill claims that Lt. S.E. Mallory, the disciplinary hearing officer, denied him due process by violating Cal.Code Regs., tit. 15, Sec. 3313(d) when he reduced the charge against Hemphill from stabbing another prisoner to a lower level of serious charges, rather reducing it to an administrative violation or issuing a new charging document. Section 3313(d) provides in part as follows:
 
 
 10
 The chief disciplinary officer or the staff member who initially classified a rule violation report according to the apparent seriousness of the charges may change the classification of the report before a hearing is held. The official conducting the disciplinary hearing may change a SERIOUS classification to an ADMINISTRATIVE classification as a finding of the hearing. The warden or superintendent may change a SERIOUS classification to an ADMINISTRATIVE classification before or after a hearing is held. An ADMINISTRATIVE classification may not be changed to a SERIOUS classification after an ADMINISTRATIVE violation hearing has been held....
 
 
 11
 This regulation does not prohibit prison officials from reducing serious charges to lower levels of serious charges; therefore, Mallory did not violate it. Moreover, Hemphill cannot claim that he was denied notice of the charges. See Wolff, 418 U.S. at 563-64; Hewitt, 459 U.S. at 476. Accordingly, the district court did not abuse its discretion by dismissing Hemphill's claim under Sec. 1915(d). See Neitzke, 490 U.S. at 324-25.
 
 
 12
 Hemphill also claims that Chief Disciplinary Officer C.J. Johnson denied him due process by violating Cal.Code Regs., tit. 15, Sec. 3084.5(e) when he both participated in and reviewed Hemphill's prison appeal. Regardless of whether Johnson violated this regulation, Hemphill does not claim, nor could he, that the prison officials failed to review the charges against him and the available evidence. See Hewitt, 459 U.S. at 476; Bonner, 857 F.2d at 564; Toussaint, 801 F.2d at 1100-01. Accordingly, the district court did not abuse its discretion by dismissing Hemphill's second claim under Sec. 1915(d). See Neitzke, 490 U.S. at 324-25.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3