5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Wallace Levan GRIFFEY, Plaintiff-Appellant,
v.
Robert C. BORG, Warden; Ted Zink, Associate Warden; C.
Tristan, Acting Program Administrator, Defendants-Appellees.
 No. 92-15590.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; No. CV S-91-0325-DFL, David F. Levi, District Judge, Presiding.
 E.D.Cal.
 REVERSED AND REMANDED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wallace LeVan Griffey, a California state prisoner, purports to appeal the district court's denial of Griffey's motion to reconsider the court's order staying Griffey's 42 U.S.C. Sec. 1983 civil rights action in order to allow Griffey to exhaust his state habeas corpus remedies. Griffey contends that "the district court's action staying plaintiff's civil complaint was inappropriate and violative of his right to seek redress of violations of his constitutional rights."
 
 I.
 
 3
 While incarcerated in the Folsom State Prison, Griffey filed a civil rights action alleging that prison officials violated his constitutional rights by requiring him to serve a term in administrative segregation disproportionate to the disciplinary charge of which he was found guilty, assessing him 90 days of good time credit, and depriving him of various privileges afforded inmates in the general population. Griffey requested injunctive relief. The Magistrate Judge construed the complaint as a challenge to the fact or duration of Griffey's confinement, concluded that Griffey's sole federal remedy was a writ of habeas corpus, and stayed the action pending Griffey's exhaustion of state remedies.
 
 
 4
 Griffey filed a motion to reconsider, asserting that he was "not seeking ... restoration of good time credits," but rather "injunctive relief from the conditions of his confinement." Griffey's motion to reconsider was denied.
 
 
 5
 Griffey then filed an amended complaint, alleging that he had exhausted his remedies with the California Department of Corrections. The Department of Corrections had determined that Griffey's administrative segregation term "was improperly set at the term for the more serious offense" with which he was charged, rather than the lesser included offense of which he was found guilty, and ordered his term reduced to that prescribed for the lesser included offense. The Department declared that its decision exhausted the administrative remedies available to Griffey within the Department of Corrections and advised Griffey that he could appeal the remaining worktime forfeiture to the Board of Prison Terms.
 
 
 6
 In his amended complaint, Griffey reiterated that his action "was not brought in order to have good time restored or his sentence shortened, but in fact, sought injunctive relief and protection from defendants unlawful placement of plaintiff in segregation and such further retaliatory acts and constitutional deprivations" because he asserted his rights. Griffey alleged that after defendants were served with his action, they transferred Griffey to the Pelican Bay State Prison to serve a 15-month term in a security housing unit (SHU)--"a more punitive setting where plaintiff was, and still is, deprived of adequate access to the law library," "confined to exercise in an [inadequate] area," "restricted from participating in religious services, inmate activity groups, ... self-rehabilitative programs, ... educational programs, a paying job assignment, ... and creative work." Further, Griffey alleged that he was kept in the SHU for 230 days past his release date and that he suffered as a result of other retaliatory acts. Griffey requested a declaratory judgment, injunctive relief, and compensatory and punitive damages for the 230 days he was illegally held in the SHU.
 
 
 7
 The Magistrate Judge treated Griffey's amended complaint and accompanying motion for appointment of counsel as a request to reopen his original action. Noting that Griffey had neither filed anything with the state courts nor had his good time credits restored, the Magistrate Judge entered an order denying Griffey's request for failure to exhaust administrative remedies on January 17, 1992. Griffey's notice of appeal was file stamped February 18, 1992.
 
 II.
 
 8
 An order staying a civil rights action is appealable under the collateral order exception to the final judgment rule. Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992). The denial of a motion for reconsideration is likewise appealable. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989). However, Griffey's notice of appeal was timely only as to the denial of what the district court characterized as Griffey's request to reopen his civil rights action. Accordingly, our consideration is limited to the denial of Griffey's request to reopen his civil rights action. We review the denial of a motion to reopen for an abuse of discretion. SEC v. Rogers, 790 F.2d 1450, 1455 (9th Cir.1986); Ellis v. Brotherhood of Railway, Airline, and Steamship Clerks, 685 F.2d 1065, 1071 (9th Cir.1982), aff'd in part, rev'd in part on other grounds, 466 U.S. 435 (1984).
 
 III.
 
 9
 Generally, when a state prisoner challenges the fact or duration of his confinement and seeks a determination that he is entitled to immediate or to earlier release from custody, the sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 875-76 (9th Cir.1989), cert. denied, 498 U.S. 1126 (1991). Thus, to the extent Griffey's original complaint sought the restoration of good time credits, if it did at all, the action was properly stayed pending Griffey's exhaustion of his state court remedies. See Young, 907 F.2d at 878.
 
 
 10
 Habeas corpus, however, is not the appropriate or even an available remedy for damages claims. Sisk, 974 F.2d at 117. Rather, section 1983 authorizes the recovery of money damages for constitutional violations, and it usually does not require the exhaustion of state remedies. Id. Thus, to the extent Griffey's amended complaint sought damages for the conditions of his confinement and the 230 days that he was kept in the SHU past his release date, the section 1983 action should have been allowed to proceed.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Griffey's "request for extension of time in which to file statement of reasons for oral argument" is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3