89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard LAURANZANO, Petitioner-Appellant,
v.
George INGLE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-17120.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Richard Lauranzano appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Lauranzano is serving his sentence of 30 years to life imprisonment. We have jurisdiction under 28 U.S.C. § 2253, and review de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We affirm.
 
 
 3
 In his section 2254 petition, Lauranzano alleged that his disciplinary charge for not following the California Department of Corrections' regulations governing inmate marriage was invalid because the regulations were ambiguous. He further asserted that the disciplinary citation was retaliatory. Lauranzano sought to have the disciplinary charge expunged from his prison record. In denying Lauranzano's section 2254 petition, the district court found that the state court's finding of Lauranzano's disciplinary violation transgressed no federal law.
 
 
 4
 Habeas corpus may provide appropriate relief when a prisoner seeks to expunge a disciplinary finding from his record "if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989) (assuming habeas corpus jurisdiction where disciplinary sanctions involved forfeiture of good time credit or segregation); see also Fierro v. Gomez, No. 94-16775, slip op. 1843, 1854 (9th Cir. Feb. 21, 1996) (habeas petition appropriate when relief "requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long"). However, a "challenge [to] disciplinary procedures having only a speculative or incidental effect on the length of [prisoner's] sentence" is not "close to the core of habeas corpus," and is cognizable under section 1983. Sisk v. CSO Branch, 974 F.2d 116, 117-18 (9th Cir.1992) (quotations omitted); see Georgevich v. Strauss, 772 F.2d 1078, 1087 (3d Cir.) (en banc) ("[T]he fact that a prisoner's success in the litigation might increase the chance for early release does not, in itself, transform the action into one for habeas corpus."), cert. denied, 475 U.S. 1028 (1985); see also Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.1995) (section 1983 action is proper where prisoner's continuing confinement will not necessarily be affected). A habeas corpus petition that presents claims cognizable under section 1983 should be construed as a section 1983 claim. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam).
 
 
 5
 Here, Lauranzano does not challenge his conviction and sentence. See Fierro, No. 94-16775, slip op. at 1854. The disciplinary charge resulted only in loss of family visitation privileges. See Sisk, 974 F.2d at 117; cf. Bostic, 884 F.2d at 1269. Although the expungement may allegedly affect Lauranzano's chances for parole, it will not automatically shorten his sentence, see Cal.Code Regs. tit. 15, § 2281 (1995) (parole criteria for life prisoners), thereby having only "a speculative or incidental effect" on Lauranzano's indeterminate sentence. See Sisk, 974 F.2d at 117; Georgevich, 772 F.2d at 1087. Therefore, Lauranzano's proper remedy lies in an action under 42 U.S.C. § 1983. See Sisk, 974 F.2d at 117; 1269; see also Gotcher, 66 F.3d at 1099.
 
 
 6
 Because Lauranzano has an identical case pending in the district court, appropriately as a section 1983 action, we affirm the district court's dismissal of Lauranzano's complaint in this case.[1] See American Int'l Enters., Inc. v. FDIC, 3 F.3d 1263, 1266 (9th Cir.1993) (district court's ruling may be affirmed on any ground supported by record).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court stated that Lauranzano had a civil rights action raising identical issues pending in its court. Lauranzano does not contest this statement on appeal