98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benito Arenicia GARCIA, Plaintiff-Appellant,
v.
James GOMEZ, Director and California Department of
Corrections, Defendants,
and
Ivalee Henry; T. Zink, Chief Deputy Warden; D. Custard,
Program Administrator; B. Powell, Correctional Counselor
II; J. Ossman, Correctional Counselor; J. Rodgers,
Correctional and Parole Representative; B. Duball,
Associate Warden; K. Sisto and R. Casillas, Defendants-Appellees.
 No. 95-16398.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1996.*
Decided Oct. 2, 1996.
 
 Before: CANBY and FERNANDEZ, Circuit Judges, and KING, District Judge.**
 MEMORANDUM***
 Benito Arenicia Garcia appeals the district court's dismissal of his civil rights action against California State Prison officials. See 42 U.S.C. § 1983. He asserts that the officials violated his rights when they improperly gave him and then refused to remove an "R" suffix classification. He also claims that they took away his conduct credits in retaliation against him for raising the "R" suffix issue. Finally, he argues that he should be able to attack his conviction in this action. We affirm in part and reverse in part.
 1. We find merit in Garcia's assertion that his claim regarding his "R" classification should not have been dismissed. See Fed.R.Civ.P. 12(b)(6). The "R" classification is one which does apply to actual sex offenders and which may apply to inmates who have been "arrested, detained or charged with any of [those sex] offenses." See California Department of Corrections Operations Manual § 62010.4.3.1 (1989); see also Cal.Code Regs. tit. 15, § 3377.1(b) (1995). The district court granted the motion to dismiss because of the absence of mandatory language in the classification regulations. Unfortunately, just a few days after the magistrate judge filed the report and recommendation upon which the district court's action was based, the Supreme Court changed the analysis. See Sandin v. Conner, --- U.S. ----, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
 Instead of inquiring into whether administrative language is mandatory or discretionary, federal courts must ask whether a restraint arising out of the actions of prison officials "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at ----, 115 S.Ct. at 2300; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir.1996). Because the wrong question was asked and answered we cannot uphold the 12(b)(6) dismissal of Garcia's action.
 We do have serious doubts that Garcia can show that he has been deprived of a liberty interest. In general, an inmate has no right to be assigned to any particular institution. See Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Nor has he a right to any particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976). Nor, for that matter, can an inmate even claim the right to be free from administrative segregation or to be housed with the general prison population. See Sandin, --- U.S. at ----, 115 S.Ct. at 2301; Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir.1991). In fact, a case which appears similar to the one at hand, but which was decided on summary judgment, recently held that prisoners have no liberty interest in being free from sex offender classification. Neal v. Shimoda, 905 F.Supp. 813, 817-18 (D.Haw.1995).
 Nevertheless, the case at hand was not decided at summary judgment; it was decided upon a motion to dismiss.[1] That makes a great deal of difference because the record simply cannot demonstrate the full extent of the deprivation to which Garcia has been and will be subjected. Nor can we be sure that the ultimate decision by prison officials was any less arbitrary than those which preceded it. In short, we are unable to say that there can be no set of facts pursuant to which Garcia could prevail. See Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385).
 2. Garcia's claim that prison officials retaliated against him when they "took away" his conduct credits does not have merit. It is true that unconstitutional retaliation can take place in the absence of a liberty interest in some prison benefit, for example placement in a particular facility. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995). But in that instance the retaliation infringes some other rights, for example First Amendment rights. Id.
 Garcia's difficulty is that his criminal background dictates that he has no right whatever to conduct credits. See Cal.Penal Code § 2933.5.[2] Regardless of the prison officials' animus, retaliatory or not, they could not and cannot award him conduct credits because state law precludes them from doing so. Whether he did or did not do something to annoy them is outside the point. They cannot be responsible for not awarding him conduct credits precluded by state law.
 3. Garcia does not advance his cause with his claim that because his attorney misadvised him regarding conduct credits he should be able to attack his conviction. Even if that claim is correct, he must present it by means of a petition for habeas corpus. See Heck v. Humphrey, 512 U.S. 477, ----, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). A § 1983 action will not lie against these defendants.[3]
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. George H. King, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not point out the deficiencies in Garcia's complaint and give him an opportunity to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Nor did it convert the motion into one for summary judgment and give Garcia notice of his obligations if he sought to oppose that motion. See Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Instead, it looked at some documents outside of the pleadings and relied upon those to summarily determine that Garcia could not amend his complaint. We understand the difficulties faced by district courts in dealing with prisoner complaints. However, there are great dangers in adopting hybrid procedures. See Lucas v. Department of Corrections, 66 F.3d 245, 248-49 (9th Cir.1995) (per curiam)
 
 
 [2]
 Garcia suggests that under California law only a court can declare that he is not entitled to conduct credits. He is wrong. See People v. Goodloe, 37 Cal.App.4th 485, 490-95, 44 Cal.Rptr.2d 15, 18-21 (1995)
 
 
 [3]
 Similarly, Garcia's passing assertion that California Penal Code § 2933.5 is itself unconstitutional cannot help him. That is merely an attack on the length of his sentence and is not properly brought in this proceeding. See Wolff v. McDonnell, 418 U.S. 539, 554-55, 94 S.Ct. 2963, 2973-74, 41 L.Ed.2d 935 (1974); Preiser v. Rodriguez, 411 U.S. 475, 487, 500, 93 S.Ct. 1827, 1835, 1841, 36 L.Ed.2d 439 (1973); Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992); Young v. Kenny, 907 F.2d 874, 875-76 (9th Cir.1989), cert. denied, 498 U.S. 1126, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991); Toussaint v. McCarthy, 801 F.2d 1080, 1096 n. 14 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987)