**Jerry M. GLIDEWELL,**
**Petitioner-Appellant,**

v.

**Charles E. BURDEN, Warden,**
**Respondent-Appellee.**

No. 86–8712.
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 27, 1987.

Jerry M. Glidewell, pro se.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Jerry Glidewell, a Georgia state prisoner, appeals the denial by the district court of his petition for habeas corpus. Glidewell contends that the district court erred in concluding that he was not denied his constitutional right to a speedy trial.[1] We affirm.

Glidewell and an accomplice were apprehended in January 1983 during the act of robbing at gunpoint a grocery store in Albany, Georgia. At his arraignment several days later, Glidewell requested a speedy trial. He was indicted for armed robbery five months later and was tried and convicted in September 1983, nine months after his arrest. During this time, while he remained in jail without bond, Glidewell filed several motions requesting a speedy trial. On direct appeal, Glidewell contended that the nine-month delay between arrest and trial violated his constitutional right to a speedy trial. Applying the standards set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Georgia Court of Appeals affirmed the conviction. *Glidewell v. State*, 169 Ga.App. 858, 314 S.E.2d 924 (1984).

Glidewell subsequently filed in state court a petition for habeas corpus which again raised the speedy trial claim. In the state habeas proceeding, Glidewell contended that various officials had prevented him from filing requests for a speedy trial. He claimed that the actions of these officials resulted in the state appeals court basing its decision on the basis of an incomplete record. The state habeas court nevertheless denied relief on the ground that the issue previously had been determined by the Georgia Court of Appeals.

In his federal habeas petition, Glidewell asserted the same claims raised in the state habeas proceeding. The district court concluded that the state courts had given Glidewell full and fair hearings and, consequently, that the factual findings made by these courts should be accorded a presumption of correctness under 28 U.S.C. § 2254(d). Relying on this presumption, the district court determined that "the contentions made by the petitioner are without merit."

Due to this somewhat cryptic explanation of the basis for denial, the district court order is ambiguous as to the scope of the state court findings that were presumed to be correct. The order could be read to indicate that the district court first accorded a presumption of correctness only to the factual issues underlying the state courts' resolution of the ultimate constitutional claim and then, after making an independent determination of the alleged constitutional violation, concluded that the petitioner would not succeed on the merits of the claim. On the other hand, the order also could be read to indicate that the district court accorded a presumption of correctness to the ultimate conclusions by the state courts that Glidewell's constitutional right to a speedy trial was not violated.

■ If the latter possibility is in fact what the district court did, the court erred. Determining whether a defendant's right to speedy trial had been violated "requires the application of legal principles to the historical facts of [the] case," and thus involves a mixed question of law and fact. *See Cuyler v. Sullivan*, 446 U.S. 335, 342, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980); *Martin v. Kemp*, 760 F.2d 1244, 1247 (11th Cir.1985) (per curiam). A federal habeas court must accord a presumption of cor-

---

1. Glidewell also asserts that Georgia's speedy trial statute is unconstitutional. This claim was not asserted to the court below and thus cannot be considered by this court on appeal. *Ross v. Hopper*, 716 F.2d 1528 (11th Cir.1983).

rectness to any state court findings of "basic, primary, or historical facts" concerning the alleged violation, *see Townsend v. Sain*, 372 U.S. 293, 309 n. 6, 83 S.Ct. 745, 755 n. 6, 9 L.Ed.2d 770 (1963), but must make an independent legal determination of whether, in view of these facts, a violation actually occurred. *See Cuyler, supra; Martin, supra.*

Assuming that the district court did improperly accord a presumption of correctness to the state courts' conclusion on the ultimate issue of a violation of the constitutional right to a speedy trial, we nevertheless need not remand to the district court. Even if the facts alleged by Glidewell were true, he would not be entitled to habeas relief.

■ In determining whether a defendant's constitutional right to a speedy trial has been violated, four factors are particularly relevant: (1) length of delay, (2) reasons for the delay, (3) the defendant's assertion of the speedy trial rights and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. at 2192. These factors, along with such other circumstances as may be relevant, must be considered together in a "sensitive balancing process." *Id.* at 533, 92 S.Ct. at 2193. None of the individual factors is "either a necessary or a sufficient condition to the finding of a deprivation of the right to a speedy trial." *Id.*

■ Applying these factors, we conclude that the delay between Glidewell's arrest and his trial did not deprive him of his right to a speedy trial. Given the relatively simple facts of the case against Glidewell, the nine-month delay between arrest and trial cannot be dismissed as trivial. *See id.* at 530–32, 92 S.Ct. at 2192 ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."). However, this length of delay cannot alone constitute a speedy trial violation. Nor, in view of the other circumstances of this case, does the fact that Glidewell made several requests for a prompt trial convert the delay into a constitutional violation. Glidewell alleges no facts to indicate that the prosecution deliberately delayed the trial to hamper his defense; at most, he contends that the delay resulted from the negligence of state officials. *See id.* at 531, 92 S.Ct. at 2192. Most significantly, Glidewell does not contend that the delay in any way prejudiced his ability to defend the charges against him. Indeed, Glidewell candidly admits that he was captured during the course of the armed robbery of the grocery store and that the prosecution had available any number of eye-witnesses to the event. The absence of prejudice does not by itself preclude a finding of a speedy trial violation. *See Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). Here, however, balanced against factors that themselves only weakly support a speedy trial violation, the absence of prejudice is dispositive.

For the foregoing reasons, the judgment of the district court is AFFIRMED.