962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Albert RIVERA-SANCHEZ, Petitioner-Appellant,
v.
Roger W. CRIST, Warden, Arizona Attorney General,
Respondent-Appellees.
 No. 90-15844.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1992.*
Decided April 23, 1992.
 
 Before REINHARDT, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The petitioner, Jose Alberto Rivera-Sanchez, was convicted of four counts of aggravated assault and one count of attempted murder in Arizona Superior Court on March 2, 1987. He appealed his conviction to the Arizona Court of Appeals, which affirmed, but never sought direct review in the Arizona Supreme Court. A subsequent petition for collateral relief filed in that court was denied.
 
 
 3
 The petitioner then turned to the federal courts for relief, filing a pro se habeas petition in the United States District Court for the District of Arizona on October 30, 1989. The District Court determined that the petitioner's claims were in procedural default because "Petitioner never raised the issues before the Arizona Supreme Court on direct appeal, and, is now foreclosed from doing so," and ordered the petitioner to file a traverse demonstrating cause and prejudice. Rivera-Sanchez failed to file one, and the district court dismissed his petition. This timely appeal followed.
 
 
 4
 We most recently addressed the case of an Arizona prisoner who failed to seek direct review in the state supreme court in Harmon v. Ryan, No. 91-15139, slip. op. 3325 (9th Cir. Mar. 26, 1992). In Harmon, we noted that the Arizona Supreme Court, in the case of Arizona v. Shattuck, 684 P.2d 154 (Ariz.1984), had instructed Arizona prisoners not to seek direct review in that court, stating that their claims would be exhausted without obtaining such review. See Harmon, slip. op. at 3327. Under federal law, however, these instructions were erroneous, see id. at 3328. As a result, the Arizona Supreme Court had unwittingly drawn Arizona prisoners into procedural default. In Harmon, we held that "after Shattuck, the state procedures for seeking discretionary review were in practice sufficiently ill-defined that noncompliance with them is excused." Harmon, slip. op. at 3334. Accordingly, we allowed an Arizona habeas petitioner who had procedurally defaulted his claims by failing to seek direct review in the Arizona Supreme Court to proceed in federal court without demonstrating cause and prejudice. See id.
 
 
 5
 There is no indication in the record regarding whether Rivera-Sanchez's failure to seek direct review was a result of his reliance on the state supreme court's decision in Shattuck. We do not believe that this matters, however. Our holding in Harmon was based on the federal requirement that state's provide "some clearly defined method by which a criminal defendant may reasonably seek state court review of his claims." Slip. op. at 3331 (citing Young v. Ragen, 337 U.S. 235, 239 (1949)). Because "[a]fter Shattuck, an Arizona defendant was reasonably certain to believe--quite justifiably-- ... that, for all intents and purposes, the Arizona Court of Appeals was the state's highest court," slip. op. at 3334, we found that Arizona had failed to provide a clearly defined method of exhausting direct review. When a state procedural requirement is insufficiently clear under federal law, Arizona prisoners are excused from compliance. See slip. op. at 3332 ("[F]ailure to follow state procedures will warrant withdrawal of a federal remedy only if those procedures provided the habeas petitioner with a fair opportunity to seek relief in state court."). Thus, our holding in Harmon was based upon the lack of clarity of Arizona procedural requirements, not the state of mind of the individual Arizona prisoner. The latter inquiry is simply irrelevant.
 
 
 6
 From the above, it is clear that the district court erred in dismissing Rivera-Sanchez's claims on the ground that he had failed to seek direct review in the Arizona Supreme Court. We therefore reverse the district court's order of dismissal on the basis of procedural default and remand for further proceedings in conformity with this disposition.
 
 
 7
 Rivera-Sanchez claims that the district court also erred in failing to provide him with the assistance of counsel during his habeas proceedings. In light of our reversal of the district court's dismissal, we need not reach this claim. On remand, however, the district court should consider whether counsel should be appointed under 18 U.S.C. § 3006A(a)(2)(B) (1988). A financially eligible "habeas petitioner may obtain representation whenever a magistrate or the district court 'determines that the interests of justice so require.' " Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir.1990) (quoting section 3006A(a)(2)(B) (1988)), cert. denied, 111 S.Ct. 1631 (1991). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983).
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided for by 9th Cir.R. 21