Jose Alberto **RIVERA–SANCHEZ,**
Petitioner,

v.

Roger W. **CRIST,** Warden, Arizona State Prison Complex, Tucson/Cimmarron and The Attorney General of the State Of Arizona, Respondents.

No. CIV 89–627–TUC–WDB.

United States District Court,
D. Arizona.

Aug. 2, 1993.

Jose A. Rivera–Sanchez, pro se.

Grant Woods, Arizona Atty. Gen., through Asst. Atty. Gen. Bruce M. Ferg, Crim. Appeals Section, Tucson, AZ, for respondents.

## ORDER

WILLIAM D. BROWNING, Chief Judge.

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1988). For the following reasons, the Court will dismiss the Petition.

## OPINION AND ORDER

### I. *Factual and Procedural Background*

Petitioner, Jose Alberto Rivera–Sanchez, was convicted of four counts of aggravated assault and one count of attempted murder by a jury in Pima County Superior Court on March 2, 1987. Rivera–Sanchez appealed his convictions to the Arizona Court of Appeals. He raised the following issues in his direct appeal: (1) whether he was denied his right to a speedy trial under Ariz.R.Crim.P. 8.2(b); (2) whether Petitioner knowingly and intelligently waived his right to a speedy trial; (3) whether he was denied his right to effective assistance of counsel; (4) whether he was denied the right to a speedy trial guaranteed by the applicable provisions of the United States and Arizona Constitutions; and (5) whether the trial court erred in denying his motion to suppress evidence obtained in a warrantless search of an automobile in which he was a passenger. *See State v. Rivera–*

*Sanchez,* No. 2 CA–CR 87–0116 (unpublished memorandum decision, Ariz.Ct.App. February 2, 1988). The Arizona Court of Appeals affirmed the trial court on all issues. *Id.* Rivera–Sanchez did not seek reconsideration of the court's denial of relief and failed to petition for discretionary review by the Arizona Supreme Court.

On August 10, 1988, Rivera–Sanchez filed a *pro se* petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32 alleging the following grounds for relief: (1) due process violations deriving from the state's loss of evidence; (2) speedy trial violations of Ariz. R.Crim.P. 8; (3) the ineffective assistance of counsel; and (4) insufficiency of evidence. Petitioner's counsel, appointed during the interim, filed a Supplemental Rule 32 Petition on January 27, 1989 raising the ineffective assistance of trial counsel as grounds for relief. On April 7, 1989, the trial court dismissed the Rule 32 petition. Rivera–Sanchez did not seek rehearing of the trial court's dismissal and failed to petition the Arizona Court of Appeals for review of the trial court's decision.

On August 22, 1989, Rivera–Sanchez filed a state petition for writ of habeas corpus in the Arizona Supreme Court. Therein, he raised the following issues: (1) "due process—speedy trial right"; (2) "equal protection of the law—cruel and unusual punishment"; and (3) "due process—abuse of discretion by trial judge and prosecutor." *See* State Petition for Writ of Habeas Corpus (August 22, 1989) (attached to Respondents' December 22, 1989 Response to Petition as Exhibit 9). Two weeks later, on September 5, 1989, the Arizona Supreme Court summarily dismissed the state habeas petition stating that "the petition presents nothing upon which relief can be obtained." *See* Exhibit 10 (attached to Respondents' December 22, 1989 Response).

On October 30, 1989, Rivera–Sanchez filed the instant federal habeas petition. He raises the following grounds for relief: (1) the denial of his right to a speedy trial; (2) a constitutional defect in the indictment; and (3) insufficiency of the evidence. Respondents' December 22, 1989 Response argued that Rivera–Sanchez had procedurally de-

faulted his claims. Rivera–Sanchez did not file a traverse to Respondents' Response. The Court agreed that Rivera–Sanchez had procedurally defaulted his claims in state court because "Petitioner never raised the issues before the Arizona Supreme Court on direct appeal, and, is now foreclosed from doing so." March 19, 1990 Order, at 3. The Court then directed Rivera–Sanchez to file a traverse demonstrating cause and prejudice excusing his procedural default. When he again failed to file a traverse, the Court dismissed the Petition.

On April 23, 1992, the Ninth Circuit reversed based on *Harmon v. Ryan,* 959 F.2d 1457 (9th Cir.1992), and remanded the matter for further proceedings. *See Rivera–Sanchez v. Crist, et al.,* No. 90–15844, 1992 WL 92723 (unpublished memorandum decision, April 23, 1992). On September 17, 1992, the Ninth Circuit issued its mandate thereby conferring jurisdiction on the Court to proceed.

## II. *Discussion*

### A. *Ground One*

Rivera–Sanchez complains that he was denied his rights to a speedy trial under the Arizona Rules of Criminal Procedure, the Arizona Constitution, and the United States Constitution. Petitioner's initial appearance took place on March 29, 1986. He was arraigned on April 16, 1986. Pursuant to Ariz. R.Crim.P. 8.2(b), Rivera–Sanchez's trial should have begun by July 15, 1986 because he remained in custody for the entire period prior to trial. His trial, however, was originally set to begin on August 5, 1986. But due to a number of continuances requested by defense counsel, the trial did not begin until January 7, 1987.

#### (1) *Petitioner's State Law Claims*

■ Petitioner's first two claims are matters of state procedural and constitutional law. This Court, however, does not sit as "a state supreme court of errors." *Jammal v. Van De Kamp,* 926 F.2d 918, 919 (9th Cir. 1991). It has no authority to review a state court's application of its own laws. *Jackson v. Ylst,* 921 F.2d 882, 885 (9th Cir.1990). "[I]t is not the province of a federal habeas

court to reexamine state court determinations on state law questions." *Estelle v. McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). This Court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at ——, 112 S.Ct. at 480. Here, therefore, the Court's sole consideration is "whether the [state law error] so fatally infected the proceedings as to render them fundamentally unfair." *Jammal,* 926 F.2d at 919.

█ "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." *Dowling v. United States,* 493 U.S. 342, 352, 110 S.Ct. 668, 674, 107 L.Ed.2d 708 (1990). Rivera–Sanchez, however, has not identified any prejudice related to the alleged violation of his speedy trial rights under Ariz.R.Crim.P. 8 and the Arizona Constitution. After a thorough review of the record, and bearing in mind the Supreme Court's admonition that it has "defined the category of infractions that violate 'fundamental fairness' very narrowly," *id.,* the Court concludes that the alleged errors did not "so fatally infect the proceedings as to render them fundamentally unfair." *Jammal,* 926 F.2d at 919. Thus, dismissal of Rivera–Sanchez's state law claims is appropriate.

### (2) *Petitioner's Federal Constitutional Claim*

The Arizona Court of Appeals stated that:

On July 16, a status conference was held at which counsel for appellant requested a continuance of the August 5 trial date due to his inability to complete witness interviews before that time. The trial date was reset to September 16 with an express waiver by appellant of his speedy trial rights. Several additional continuances were subsequently granted at the request of appellant's trial counsel, and the trial ultimately commenced on January 7, 1987.

. . . .

As noted above, the original trial date was set beyond the permissible time limits of Rule 8.2. Appellant contends that his waiver of the time limits following counsel's request for a continuance of the original trial date was invalid because the court did not apprise him of the fact that the time limits had already expired. However, it is apparent from the transcript that neither the court nor counsel was aware of the problem. Further, at no time during the entire course of the proceedings below did appellant raise any objection to the proceedings as being violative of his right to a speedy trial, either by opposing any continuances or moving to dismiss. Under these circumstances, the issue is waived. *State v. Benson [Hanson]* 138 Ariz. 296, 674 P.2d 850 (App.1983). Even had appellant been fully apprised and objected to the continuance, he is bound by counsel's actions. *State v. Zuck,* 134 Ariz. 509, 658 P.2d 162 (1982).

. . . .

Finally, appellant contends that his constitutional speedy trial rights were violated by the nine and one-half month delay during which he was incarcerated prior to trial. While we agree that this period is long enough to require further examination under the four factors which must be considered pursuant to *State v. Zuck, supra,* and *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972),[1] nothing in the record would sustain appellant's position with respect to the remaining three factors. First, the delay was occasioned largely by defense requests for continuances. Second, at no time did appellant assert his right to a speedy trial. Third, no prejudice is alleged, other than the fact that his life was disrupted by virtue of his incarceration. Under these circumstances, we cannot say that appellant's constitutional right to a speedy trial was violated.

*State v. Rivera–Sanchez,* No. 2 CA–CR 87–0116, at 2–3.

---

1. "In determining whether a defendant's constitutional right to a speedy trial has been violated, four factors are particularly relevant: (1) length of delay, (2) reasons for the delay, (3) the defen-dant's assertion of the speedy trial rights and (4) prejudice to the defendant." *Glidewell,* 822 F.2d at 1029 (citing *Barker v. Wingo,* 407 U.S. at 530, 92 S.Ct. at 2192).

■ If Petitioner received a fair and adequate hearing in state court, this Court must defer to the state court's factual findings unless they are not "fairly supported by the record." 28 U.S.C. § 2254(d)(8). The question of whether a defendant's right to a speedy trial has been violated is a mixed question of law and fact. *Cuyler v. Sullivan,* 446 U.S. 335, 342, 100 S.Ct. 1708, 1714, 64 L.Ed.2d 333 (1980); *Glidewell v. Burden,* 822 F.2d 1027, 1028 (11th Cir.1987), *cert. denied,* 484 U.S. 1018, 108 S.Ct. 727, 98 L.Ed.2d 676 (1988). Therefore, the Arizona Court of Appeals' determination, in this regard, is not entitled to section 2254(d)'s presumption of correctness. *Id.* The state court's factual findings underlying its determination, however, is subject to section 2254(d)'s requirement that federal courts defer to state court findings of fact. *Townsend v. Sain,* 372 U.S. 293, 309 n. 6, 83 S.Ct. 745, 755 n. 6, 9 L.Ed.2d 770 (1963), *overruled on other grounds by Keeney v. Tamayo–Reyes,* — U.S. —, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); *Glidewell,* 822 F.2d at 1028–29. This applies to state appellate, as well as state trial court, findings of fact. *See Sumner v. Mata,* 455 U.S. 591, 595–97, 102 S.Ct. 1303, 1305–06, 71 L.Ed.2d 480 (1982). The Arizona Court of Appeals found that: (1) Rivera–Sanchez expressly waived his speedy trial rights; (2) "the delay was occasioned largely by defense requests for continuances"; (3) "at no time did [Rivera–Sanchez] assert his right to a speedy trial"; and (4) Rivera–Sanchez failed to allege any prejudice "other than the fact that his life was disrupted by virtue of his incarceration." *State v. Rivera–Sanchez,* No. 2 CA–CR 87–0116, at 2–3.

■ Rivera–Sanchez does not argue that he did not receive a full and fair state court hearing on the merits under any of the factors enumerated in section 2254(d). Moreover, after the Court's independent review of the record, it concludes that the state appellate court findings are fairly supported by the record. This Court, therefore, will defer to the state court's factual determinations underlying its conclusion that Rivera–Sanchez's speedy trial rights were not violated by the nine and one-half month delay. 28 U.S.C. § 2254(d).

■ Moreover, this Court agrees with the conclusions of law drawn from these facts by the Arizona Court of Appeals. Rivera–Sanchez has not established any improper reason for the delay, and has failed to identify any prejudice flowing from the delay. He merely argues that his express waiver of his speedy trial rights was not intelligently given because of language problems. Even if Rivera–Sanchez had not waived his rights, he does not dispute that he never asserted his rights by objecting to the continuances or moving to dismiss the indictment. Thus, this Court is led inexorably to the same conclusions of law drawn by the state courts. Dismissal of Petitioner's federal constitutional speedy trial claim is also appropriate.

### B. *Ground Two*

Rivera–Sanchez challenges the indictment. He argues that its manner of drafting denied him equal protection, subjected him to cruel and unusual punishment, and exposed him to double jeopardy because the indictment fragmented his single course of conduct into two separate crimes, aggravated assault and attempted murder, resulting in five separate convictions. Rivera–Sanchez raised this ground for relief for the first and only time in his state habeas petition, which was summarily dismissed by the Arizona Supreme Court.

■ A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider the petitioner's claims on their merits. *See* 28 U.S.C. § 2254(b), (c); *Jackson v. Cupp,* 693 F.2d 867, 869 (9th Cir.1982). There are two ways for a petitioner to meet the exhaustion requirement: (1) by providing the highest state court with an opportunity to rule on the merits of his claim; or (2) by showing that, at the time the petitioner filed his habeas petition in federal court, no state remedies remained available to him. *Jackson,* 693 F.2d at 869 (citing *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1569–70 n. 28, 71 L.Ed.2d 783 (1982)). *See also Harmon,* 959 F.2d at 1460; *Batchelor v. Cupp,* 693 F.2d 859, 862 (9th Cir.1982), *cert. denied,* 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983).

■ The exhaustion requirement also requires that the petitioner's claims be "fairly presented" to provide the highest state court with an opportunity to rule on the merits of his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). *See also Verdin v. O'Leary*, 972 F.2d 1467, 1473 (7th Cir.1992) ("It is also well-established that the issue of fair presentment is a useful approach for analyzing procedural default"); *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 n. 4 (7th Cir.1984) ("the analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a. claimed trial court error is equally applicable to waiver cases"). Generally, "[a] claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based." *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir.1986). But the requirement that a federal habeas petitioner fairly present his claims the state's highest court is *not* satisfied where those claims are presented to the highest state court in a procedural posture in which the merits will be considered only if there are "special and important reasons." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

In *Castille,* the Supreme Court found that the Pennsylvania Supreme Court's rejection of a prisoner's "allocatur" petition was not the equivalent of a direct appeal for exhaustion purposes because Pennsylvania appellate procedure rules provided that "allocatur review 'is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only where there are special and important reasons therefor.'" *Id.* 489 U.S. at 347, 351, 109 S.Ct. at 1058, 1060. The Supreme Court thus defined the presentation of claims "for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor'" as failing the requirement of being "fairly presented" to the state's highest court. *Id.* 489 U.S. at 351, 109 S.Ct. at 1060. The Supreme Court relied, in part, on *Ex parte Hawk,* 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944), where it previously held that an application to the Nebraska Supreme Court for an original writ

of habeas corpus did not exhaust state remedies. *Castille,* 489 U.S. at 351, 109 S.Ct. at 1060.

■ Respondents argue that the Arizona habeas remedy "appears to be of the same discretionary, extremely limited nature as the 'allocatur' which figured in *Castille.* Supplemental Response, at 2. The Court agrees.

Under the Arizona Rules of Criminal Procedure, Rivera–Sanchez was required to present his claims in a petition for review by the Arizona Supreme Court either on direct appeal, or in a petition for post-conviction relief prior to raising them in a federal habeas petition. *See* Ariz.R.Crim.P. 31.19 (direct appeal); Ariz.R.Crim.P. 32.9(f) (post-conviction relief). In Arizona, a state petition for writ of habeas corpus is a limited remedy reserved for challenges to the court's jurisdiction. *See Griswold v. Gomes,* 111 Ariz. 59, 62, 523 P.2d 490, 493 (1974) ("The writ of habeas corpus is not intended to serve as a means for a defendant to obtain successive appeals, and all issues which were raised by a defendant on appeal or which might have been raised on appeal are precluded from attack in subsequent petitions for writ of habeas corpus"); *State v. Montez,* 102 Ariz. 444, 447, 432 P.2d 456, 459 (1967) (in Arizona, habeas corpus petitions "may not be used to collaterally attack a judgment of conviction where the claimed errors do not involve a loss of jurisdiction by a court"); *Boies v. Dovico,* 97 Ariz. 306, 308, 400 P.2d 109, 110 (1965) (the issuance of the writ is discretionary with the court in which it is sought); *Applications of Oppenheimer,* 95 Ariz. 292, 297, 389 P.2d 696, 700 (1964), *cert. denied,* 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311 (1964) ("in Arizona, the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction"); *State ex rel. La Prade v. Grantham,* 30 Ariz. 591, 597, 249 P. 758 (1926) ("It was never meant that the writ of *habeas corpus* should be used for trying a case on the merits"). Thus, the state habeas petition is like Arizona's special action petition; it is solely a method for obtaining extraordinary relief. *See King v. Superior Court,* 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) ("The acceptance of jurisdiction of a

petition for special action is highly discretionary in [the Arizona Supreme Court]. [The Court] generally accept[s] jurisdiction of these cases only where the issues raised in the petition are such that justice cannot be satisfactorily obtained by other means."); *Bilagody v. Thorneycroft,* 125 Ariz. 88, 92, 607 P.2d 965, 969 (Ct.App.1979). Accordingly, the presentation of claims using this highly discretionary procedure and the Arizona Supreme Court's summary denial thereof does not constitute the fair presentation of Rivera–Sanchez's claims. *Castille,* 489 U.S. at 351, 109 S.Ct. at 1060. *See also Ex parte Hawk.*

◾ Rivera–Sanchez, therefore, has failed to fairly present the state's highest court with an opportunity to rule of the merits of his claim that the indictment subjected him to double jeopardy.[2] There is, however, another way for Rivera–Sanchez to satisfy the exhaustion requirement: by showing that, at the time he filed his habeas petition in federal court, no state remedies remained available to him. *Jackson,* 693 F.2d at 869 (citing *Engle,* 456 U.S. at 125 n. 28, 102 S.Ct. at 1570 n. 28). *See also Batchelor,* 693 F.2d at 862. Rivera–Sanchez meets the technical exhaustion requirements because the Court finds that he had no available state remedies when he filed the instant habeas petition.[3] This result exposes Rivera–Sanchez to procedural default.[4]

◾ Under the procedural default doctrine, if the federal habeas petitioner has failed to follow reasonable state procedures for presenting his claims to the state courts, he is procedurally barred from federal review unless he shows both cause and prejudice regarding his default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2643, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). *See also Thomas v. Lewis,* 945 F.2d 1119, 1123 (9th Cir.1991); *Johnson v. Lewis,* 929 F.2d 460, 463 (9th Cir.1991). " 'Cause' is a legitimate excuse for the default, and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas,* 945 F.2d at 1123 (quoting *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir.1984)).

◾ In the instant matter, Petitioner has failed to show cause or prejudice. In fact, Rivera–Sanchez makes no discernable arguments to establish cause or prejudice in any of his papers. Thus, Petitioner has failed to

**2.** On May 26, 1993, the Court directed Respondents to brief Petitioner's second ground for relief on the merits. *See* May 26, 1993 Order. Respondents had previously argued that Rivera–Sanchez had failed to "fairly present" his claim to the state courts based on *Castille. See* November 2, 1992 Response. The Court stated, in its May 26, 1993 Order, that it would consider Petitioner's claim on the merits because the Ninth Circuit, in an unpublished memorandum decision, had rejected the Court's fair presentation analysis in another habeas case where the petitioner had presented his claims for the first and only time in a state habeas petition. In that case, the Ninth Circuit ignored *Picard, Castille,* and *Ex Parte Hawk* and relied on *Hunter v. Aispuro,* 982 F.2d 344 (9th Cir.1992), to determine that the petitioner had exhausted his claims. *Aispuro,* however, relies on an "independent and adequate state ground" analysis rather than a "fair presentation" analysis. *Aispuro,* 982 F.2d at 348. Respondents have persuaded the Court that the "fair presentation" analysis is the correct vehicle for analyzing Petitioner's claim.

**3.** Under Ariz.R.Crim.P. 32.2, Petitioner is precluded from raising the claims at issue in another Rule 32 petition by his failure to raise them in a direct appeal, or to seek review in the Arizona Supreme Court on his Rule 32 petition. *See*

*Tacho v. Martinez,* 862 F.2d 1376, 1379–80 (9th Cir.1988) (failure to comply with Rule 32 results in procedural default).

**4.** This conclusion does not conflict with the Ninth Circuit's April 23, 1992 memorandum decision relying on *Harmon v. Ryan,* 959 F.2d 1457 (9th Cir.1992). *See Rivera–Sanchez v. Crist, et al.,* No. 90–15844, 1992 WL 92723 (unpublished memorandum decision, 9th Cir. April 23, 1992). That decision reversed the Court's determination that Petitioner procedurally defaulted his claims by failing to seek review in the Arizona Supreme Court on direct appeal. *Id.* In *Harmon,* the Ninth Circuit stated that "[w]e have no occasion, on the basis of the record before us, *see* Rule 5, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, to consider whether Harmon may have procedurally defaulted in a different manner, such as by failing to present his claims on direct review in the Arizona Court of Appeals. The district court is free to consider such matters on remand." *Harmon,* 959 F.2d at 1460 n. 1. Thus, the court of appeals invited district courts to consider other kinds of procedural defaults. The failure to "fairly present" claims is such a procedural default.

excuse his procedural default. For all of the above reasons, therefore, the Court declines to address Petitioner's second ground for relief on its merits.

### C. *Ground Three*

■ Rivera–Sanchez's third claim challenges the sufficiency of the evidence at trial supporting his convictions. He raised this ground for relief for the first and only time in his Rule 32 petition. However, he failed to move for rehearing in the trial court and to petition for review of the trial court's dismissal of the petition in the Arizona Court of Appeals. Again, although Rivera–Sanchez has failed to properly exhaust the claim, he meets the technical exhaustion requirements because the Court has found that Petitioner had no available state remedies when he filed the instant habeas petition. *See Tacho,* 862 F.2d at 1379–80. Because Rivera–Sanchez has failed to follow reasonable state procedures for presenting his insufficiency of the evidence claim to the state courts, he is procedurally barred from federal review unless he shows both cause and prejudice regarding his default. *Carrier,* 477 U.S. at 485, 106 S.Ct. at 2643; *Wainwright,* 433 U.S. at 86–87, 97 S.Ct. at 2506. Petitioner has not attempted to demonstrate cause and prejudice. He merely argues that the state has failed to show that he waived his claim. This is not the standard. Rivera–Sanchez bears the burden of demonstrating cause and prejudice. The Court, therefore, declines to address Petitioner's third ground for relief on its merits.

### CONCLUSION

The Court finds that Petitioner was not denied his right to a speedy trial under the Constitution. The Court further finds that Petitioner procedurally defaulted his second and third grounds for relief and fails to demonstrate cause and prejudice excusing his procedural defaults. The Court, therefore, declines to decide Petitioner's second and third grounds for relief on their merits.

Accordingly, IT IS ORDERED that Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1988) is DISMISSED.